972 So.2d 716 (2007)
James K. HENSARLING, M.D., Appellant,
v.
Sandra HOLLY, M.D., Appellee.
No. 2003-CA-00096-COA.
Court of Appeals of Mississippi.
June 5, 2007.
Rehearing Denied October 16, 2007.
*718 Joel W. Howell, Jackson, attorney for appellant.
Samuel O. Morris, Jackson, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Dr. James K. Hensarling appeals the dismissal of his medical malpractice suit, claiming that the trial court abused its discretion by dismissing his case with prejudice for failure to timely prosecute the case.

FACTS
¶ 2. On September 11, 1998, the day before the two-year statute of limitations was to expire, Hensarling filed a complaint against Dr. Sandra Holly, Dr. Ed Burchak, Baptist Behavioral Health Services and the Mississippi Baptist Medical Center, Inc. in the Circuit Court of Hinds County. Hensarling alleged damages for medical negligence that arose out of a single psychiatric evaluation with Holly at Baptist Behavioral Health Services on September 12, 1996.
¶ 3. On January 8, 1999, Burchak, Mississippi Baptist Medical Center and Baptist Behavioral Health Services were personally served with process through their personal representatives. However, the proof of process affidavits from the process server were not filed with the court until November 14, 2002. Holly was not *719 served with process until January 13, 1999, after the 120-day service of process time limit had lapsed.[1] On January 10, 1999, the statute of limitations began to run again and lapsed on January 11, 1999, before process was served on Holly. No answers were filed by any of the defendants.[2]
¶ 4. No further action occurred in the case until October 4, 2002, when Hensarling moved to substitute Joel Howell, III, as his counsel. On November 12, 2002, the trial court denied Hensarling's motion to substitute counsel and dismissed the case sua sponte based on the failure to prosecute. The court found that (1) Hensarling failed to show proof that service of process was perfected within 120 days of filing the complaint, (2) more than ninety days had passed since the filing of the complaint and no discovery had been filed, nor had any extension of discovery been requested by the court for more than four years, and (3) Hensarling had been dilatory in prosecuting his claim since nothing had been filed with the court since the initial complaint on September 11, 1998, with the exception of the motion to substitute counsel on October 4, 2002.

STANDARD OF REVIEW
¶ 5. The trial court has the power to dismiss for failure to prosecute as a means necessary to the orderly expedition of justice and the court's control of its own docket. Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). Dismissal may be exercised sua sponte where a motion by a party is lacking. Id. This Court will reverse a trial court's decision to dismiss only if the trial court abused its discretion. Wallace v. Jones, 572 So.2d 371, 375 (Miss. 1990)

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY DISMISSING HENSARLING'S CASE WITH PREJUDICE.
A. Dismissal of the case with prejudice
¶ 6. Hensarling submits that the trial court abused its discretion in dismissing his case with prejudice because there was no egregious or contumacious conduct that would require this drastic penalty. Hensarling further argues that the trial court erred by not considering lesser alternatives to dismissal.
¶ 7. Pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure, a court may dismiss a plaintiff's claims for want of prosecution, which is a penalty for dilatoriness. See also Miss.Code Ann. § 11-53-25 (Rev.2002). The power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice. Watson, 493 So.2d at 1278. Unless otherwise specified in its order, a dismissal under Rule 41(b) is an adjudication on the merits of the case and is with prejudice. Taylor v. GMC, 717 So.2d 747, 748(¶ 5) (Miss.1998). However, "past Mississippi practice has tempered this harsh result by allowing *720 dismissed cases to be reinstituted, except in extreme situations." Id.
¶ 8. The law favors a trial of issues on the merits; therefore, a dismissal for want of prosecution is reluctantly applied. AT & T v. Days Inn, 720 So.2d 178, 180(¶ 12) (Miss.1998). Mississippi does not set a time limit for the prosecution of an action once it has been filed. Id. However, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Id. Thus, "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of `a clear record of delay or contumacious conduct by the plaintiff,' . . . and where lesser sanctions would not serve the best interests of justice." Id. at 181(¶ 13) citing Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982). What constitutes failure to prosecute depends on the facts of the particular case. Wallace, 572 So.2d at 376.
¶ 9. "While the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated the most consistently, several other factors have been identified as `aggravating factors.'" AT & T, 720 So.2d at 181(¶ 13). These include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." Id. (citing Rogers, 669 F.2d at 320). In Rogers, the court noted that dismissal "is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." 669 F.2d at 320.
¶ 10. Therefore, we must evaluate this case under a two-part test. First, there must be a clear record of delay or contumacious conduct on the part of Hensarling. Second, we must determine from the record if lesser sanctions would have been sufficient to serve the best interests of justice, and we will also look to whether certain aggravating factors are present.
i. Clear record of delay or contumacious conduct
¶ 11. Hensarling maintains that no clear record of delay exists and absent contumacious conduct, the first requisite of the two-part test fails. He argues that the action taken by requesting new counsel indicates a desire to hasten the resolution of this matter and because the record is void of any intentional conduct by himself to delay the case, it should be reinstated.
¶ 12. Hensarling claims that where the plaintiff has taken prompt and positive steps toward the disposition of the cause and has not deliberately created delay, no plaintiff-culpability is established. Vosbein v. Bellias, 866 So.2d 489, 493(¶ 7) (Miss.Ct.App.2004). However, "where a clear record of delay has been shown . . ., there is no need for a showing of contumacious conduct." Hine v. Anchor Lake Prop. Owners Ass'n, 911 So.2d 1001, 1005(¶ 14) (Miss.Ct.App.2005).
¶ 13. The record demonstrates that Hensarling has been dilatory in the prosecution of his case. Hensarling filed his complaint the day before the statute of limitations expired. He then had 120 days in which to serve all of the defendants in the case, effectively tolling the statute of limitations. Hensarling served most of the defendants one day before the time lapsed under Rule 4(h) of the Mississippi Rules of Civil Procedure. He claims that he was unable to serve the final defendant, Holly, within the required time because she was out of town. However, had Hensarling been diligent in his attempts to serve Holly *721 as soon as the 120 days began to run, then he may not have found himself in the unfortunate situation of being unable to locate Holly within the required time. Moreover, several options for service of process exist under Rule 4. Hensarling could have employed the use of other types of service of process in the event that personal service of process failed. When Holly was finally served on January 13, 1999, both the time for service of process and statute of limitations had lapsed. We also note that the proofs of service of process were not filed with the court until after the court had dismissed the case in 2002. Hensarling's former attorney also filed an affidavit with the court after the court had dismissed the case. In his statement, the attorney noted that the suit was "held in abeyance pending resolution of matters with the State Board of Medical Examiners, which has been accomplished."
¶ 14. Hensarling neither requested an extension of time within which to serve the defendants nor attempted to refile his case or request discovery. No action occurred in this case until Hensarling submitted a motion to substitute counsel more than four years after he initially filed the case. Thus, we find a clear record of delay and, as such, we need not consider whether there has been contumacious conduct.
ii. Lesser sanctions
¶ 15. We next consider whether lesser sanctions may have better served the interests of justice. Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1035(¶ 16) (Miss.1999). We are less likely to uphold a Rule 41(b) dismissal when the lower court does not consider alternative sanctions. Id. Lesser sanctions include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." Wallace, 572 So.2d at 377. Hensarling maintains that the trial court clearly erred because the court failed to consider lesser sanctions and failed to make a showing on whether a lesser remedy would have sufficed.
¶ 16. The record does not indicate whether the lower court specifically considered lesser sanctions. The dismissal order merely states that the court reviewed the file and the motion to substitute counsel, denied the motion, and dismissed the case for failure to prosecute. It has been held that the trial court "need not make a `showing' that lesser sanctions would not suffice." Hine, 911 So.2d at 1005(¶ 17). When a trial judge does not make specific findings of fact, we will "assume that the trial judge made all findings of fact that were necessary to support his verdict." Watson, 493 So.2d at 1279. In Watson, our supreme court held that a trial judge's findings of fact on a Rule 41(b) dismissal were to be presumed. Id. In the instant case, therefore, we must presume that the trial court made the requisite findings to support his ruling that lesser sanctions would have been insufficient.
¶ 17. Further, when we consider certain aggravating factors, such as the prejudice to the defendant, we find that the record is sufficient to show that lesser sanctions would not have served the best interest of justice. As the lower court noted, Hensarling failed to timely serve process on Holly, failed to conduct any sort of discovery within the required time, and failed to diligently prosecute the case for four years. Almost nine years have passed since the initial complaint was filed. The passage of time in this case may have altered the physical evidence available. Hine, 911 So.2d 1001, 1006(¶ 18) (Miss.Ct. App.2005) (plaintiff's delay in dragging case out over seven years was prejudicial *722 to defendant). The ninety day discovery limit has lapsed, as have the statute of limitations and time in which to serve Holly with proper service of process. It is unclear how anyone's memory will be tested in discovery at this point, or whether any evidence is still available.
¶ 18. In addition, it is difficult for us to see how attorney discipline, fines, or even a dismissal without prejudice would serve the best interests of justice at this time. There is no evidence to support an argument that the case would be prosecuted any differently if it were reinstated. We find the delay is certainly prejudicial to the defendants and it would not serve the best interest of justice to reinstate this case. Thus, we find that the dismissal of this case with prejudice was not an abuse of discretion.
B. Notice to Hensarling before sua sponte dismissal
¶ 19. Hensarling further argues that the court, before considering dismissal, did not provide notice to him as required under Rule 4(h) of the Mississippi Rules of Civil Procedure. By not having notice of the dismissal, Hensarling claims he was deprived of an opportunity to show good cause. We find this argument to be without merit.
¶ 20. Rule 4(h) of the Mississippi Rules of Civil Procedure requires dismissal of the case if the plaintiff fails to serve process on a defendant within 120 days:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
M.R.C.P. 4(h). In the present case, Hensarling had filed a motion to substitute counsel more than four years after he filed the initial complaint. Service of process on Holly was not made within the time requirement proscribed by Rule 4(h). Therefore, the court had the power, on its own initiative, to dismiss the case. M.R.C.P. 4(h). The notice provided to Hensarling was in the form of the order of dismissal. Rule 4(h) does not state that notice be given to Hensarling prior to the court's consideration of the dismissal of the case, only that the court notify Hensarling of the dismissal itself.
¶ 21. Moreover, the burden is on the plaintiff to show good cause as to why the service was not made within the 120 days. M.R.C.P. 4(h). Hensarling attempted to demonstrate good cause only after the court had dismissed his case, when he filed the proofs of service of process and an affidavit from the process server stating that Holly was out of town when service of process was attempted. An affidavit from Hensarling's former attorney was also filed after the dismissal which stated that the delay of prosecution was due to a resolution of matters with the State Board of Medical Examiners. But as we noted above, Hensarling had the option to either refile the case before the statute of limitations ended or show good cause as to why he was unable to perfect service of process within the time required. Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185(¶ 7) (Miss.2002). Hensarling failed to take any action whatsoever in the case. Therefore, we find Hensarling's arguments to be without merit and we affirm the lower court's dismissal of the case.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE CASE WITH PREJUDICE *723 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
NOTES
[1] The 120 day deadline lapsed on January 9, 1999, pursuant to Rule 4 of the Mississippi Rules of Civil Procedure.
[2] According to Holly, she never made an appearance in the underlying case because she relied on Hensarling's original counsel who represented that Hensarling planned to dismiss Holly from the lawsuit. Therefore, Holly states that she did not file a motion to dismiss for defective service of process. She also maintains that the trial court's sua sponte dismissal of the present case made it unnecessary to file the motion to dismiss.