KING, C.J.,
 

 for the Court.
 

 ¶ 1. This appeal is from a final judgment of the Alcorn County Circuit Court dismissing the suit of Linda Stacy, individually and as mother and natural guardian of Aleigha Triplett, a minor, for failure to diligently pursue this cause of action. The sole question on appeal is whether the trial court abused its discretion in dismissing the cause of action for failure to diligently prosecute and follow court orders. Finding no error, we affirm.
 

 FACTS
 

 ¶2. On July 15, 1997, Stacy went to Magnolia Regional Medical (Magnolia) with a full-term pregnancy. Stacy was admitted to Magnolia and examined by Dr. William Johnson. As a result of his examination, Dr. Johnson decided to induce Stacy’s labor. Stacy claims that she was given Pitocin to induce or augment her labor without her informed consent. After Stacy exhibited signs of fetal distress and labor continued, Dr. Johnson ordered a Caesarian section. Stacy alleges that she was transported to the operating room, but the doors to the operating room were locked. Stacy alleges that she waited twenty minutes until a key was located to unlock the doors to the operating room. Stacy claims that the wait allowed the baby’s deprivation of oxygen, which resulted in the baby’s very poor condition post delivery. Stacy asserts that due to the negligent acts of Dr. Johnson and the medical personnel at Magnolia, her infant, Aleigha, suffered severe and permanent brain damage. Consequently, on October 16, 1998, Stacy, filed a complaint against Dr. Johnson, Magnolia, the City of Corinth (the City), and Alcorn County (the County), by and through its Board of Supervisors, alleging medical malpractice because Aleigha suffered severe and permanent brain damage and other injuries as a result of the delayed delivery.
 

 ¶ 3. On November 17, 1998, Dr. Johnson and representatives or authorized agents of Magnolia, the City, and the County were served with process. In December 1998, Dr. Johnson, Magnolia, the County, and the City filed separate answers and defenses. On December 29, 1998, Stacy filed a notice of service of plaintiffs response to Magnolia’s first requests for admission propounded to the plaintiff. On January 13, 1999, and January 19, 1999, Stacy filed responses to Dr. Johnson’s and Magnolia’s requests for admission and first set of interrogatories and request for production of documents, respectively. On January 19, 1999, the County and the City filed their first set of amended answers and defenses.
 

 ¶ 4. On February 22, 1999, Stacy filed a notice to take Dr. Johnson’s deposition. On August 25, 1999, on an ore tenus motion by Stacy, the trial judge ordered the dismissal of the claim against the County and the City with prejudice. On November 21, 2002, Stacy filed another notice to take Dr. Johnson’s deposition. In March 2003, Dr. Johnson filed a motion for substitution of counsel, which the trial court granted. On August 13, 2003, September 2, 2003, November 26, 2003, and January 14, 2004, Stacy filed notices to take Dr. Johnson’s deposition.
 

 ¶ 5. Thereafter, the court docket indicates the entry of a letter
 
 [1]
 
 to the court
 
 *367
 
 administrator with reference to expedited handling of this matter dated on July 14, 2004; an order to expedite the handling of this case entered on July 29, 2004; and a letter
 
 [2]
 
 and order to the parties with reference to the expedited handling of this matter dated August 9, 2004. On December 29, 2004, Stacy filed a motion to order mediation. Dr. Johnson filed a response to the motion on January 31, 2005, and Magnolia joined Dr. Johnson’s response on February 4, 2005. On February 22, 2005, the trial court dismissed this cause of action with prejudice after Stacy failed to show cause for her failure to prosecute. On March 4, 2005, Stacy filed a motion to reconsider and motion to reinstate the cause of action. Stacy explained that her failure to appear at the show cause hearing was because of a miscommunieation with the court administrator. The record reflects an affidavit by the court administrator was submitted stating that on February 18, 2005, she informed Stacy’s attorney it was not necessary to attend the show cause hearing on February 22, 2005, since a motion to compel mediation had been filed.
 

 ¶ 6. On March 7, 2005, a designation of expert witness, Dr. Shane Bennoch, was made by Stacy. On March 14, 2005, the trial court set aside the order to dismiss this cause stating that the order was erroneously entered, and the cause of action was returned to the active docket. On June 23, 2005, a redesignation of expert witness, Dr. Howard Cohn, was made. Dr. Cohn submitted an affidavit of expert opinion on February 17, 2006. On July 1, 2006, the trial court again entered an order to expedite the handling of this case. The court docket indicates that a letter was mailed on July 13, 2006, to the parties requiring their presence at a show cause hearing on November 2, 2006. Because Stacy again failed to appear before the trial court to show cause for her failure to proceed with prosecution of this cause of action in an expeditious manner, the trial court dismissed the ease with prejudice on November 2, 2006. In her motion to reinstate filed on December 7, 2006, Stacy asserted that her failure to appear at the second show cause hearing was because she did not receive any notice from the trial court to appear. On August 6, 2007, in an effort to consider reinstating this case, the trial court ordered Stacy to submit a proposed scheduling order within thirty days. Stacy failed to submit the proposed scheduling order by the September 6, 2007, deadline. On September 4, 2007, Dr. Johnson filed a motion and memorandum in opposition to Stacy’s motion to reinstate the case, which Magnolia joined. On October 2, 2007, the trial court denied Stacy’s motion to reinstate the cause and affirmed its prior dismissal. Stacy filed another motion for reconsideration on October 16, 2007, and on October 29, 2007, she filed a motion for an extension of time in which to appeal. The trial court granted the extension of time on October 24, 2007. The trial court subsequently denied the motion for extension of time on November 5, 2007. On December 20, 2007, the trial court set aside the order vacating the order denying Stacy’s motion for extension of time to appeal. On November 1, 2007, the trial court denied Stacy’s motion to reconsider. Feeling aggrieved, Stacy timely filed a notice of appeal on November 28, 2007.
 

 
 *368
 
 DISCUSSION
 

 Whether the trial court erred in dismissing this cause of action with prejudice
 

 ¶ 7. The trial court issued show cause orders for Stacy to appear on February 22, 2005, and November 2, 2006, to explain why her claim of medical negligence should not be dismissed for failure to prosecute. Stacy failed to appear at both show cause hearings.
 

 ¶ 8. Stacy argues that dismissal with prejudice is an extremely harsh remedy that should be reserved for the most egregious conduct. Stacy contends that there is nothing in the record to suggest that her conduct was egregious. Furthermore, Stacy asserts that such a sanction would deprive her of the opportunity to pursue her claim. Stacy claims that during the time that the show cause hearings were being ordered, attempts were being made to schedule depositions. Stacy maintains that she was not personally responsible for the delay. Lastly, Stacy contends that the defendants would not be prejudiced by allowing the case to be reinstated.
 

 ¶ 9. Mississippi Rule of Civil Procedure 41(d)(1) provides that:
 

 In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
 

 ¶ 10. “[I]n reviewing a trial court’s decision to dismiss under [Rule] 41(b), this Court may reverse only if it finds that the trial court abused its discretion.”
 
 Wallace v. Jones,
 
 572 So.2d 371, 375 (Miss.1990). “Mississippi does not set a time limit for the prosecution of an action once it has been filed.”
 
 Hensarling v. Holly,
 
 972 So.2d 716, 720(¶ 8) (Miss.Ct.App.2007). However, “[t]he trial court has the power to dismiss for failure to prosecute as a means necessary to the orderly expedition of justice and the court’s control of its own docket.”
 
 Id.
 
 at 719(¶ 5). Such cases are dismissed with prejudice “if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court ... and where lesser sanctions would not serve the best interests of justice.”
 
 Id.
 
 at 720(¶ 8).
 

 ¶ 11. In addition to the aforementioned requirements, the court -will also evaluate the following “aggravating factors” to make its determination: “the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.”
 
 Id.
 
 at 720(¶ 9).
 

 ¶ 12. Reflecting on the conduct and the aggravating factors surrounding this case, we find that the record does suggest conduct which rises to the level of dilatoriness. From December 1998 until February 1999, Stacy made attempts to move this cause toward a resolution. Stacy filed responses to requests for admission, interrogatories, and production of documents. In August 1999, Stacy agreed to dismiss the claim against the County and the City. From September 1999 to November 2002, the record is void of any actions by Stacy to diligently pursue the cause of action.
 

 
 *369
 
 ¶ 13. Stacy filed a notice to take Dr. Johnson’s deposition in November 2002, three notices in the latter part of 2003, and one in January 2004. Notwithstanding that there were four notices to take Dr. Johnson’s deposition, none of the parties have in any way indicated that the deposition was taken. Entries on the clerk’s docket sheet in July 2004 and August 2004 indicate that the trial court notified Stacy’s attorney by letter and order of the need for the expeditious handling of this cause of action. Thus, Stacy was aware that the trial court had a duty to orderly dispose of the cases on its docket, which included this case against Dr. Johnson and Magnolia. On December 29, 2004, Stacy made an effort to resolve this cause by filing a motion to order mediation. However, there is no record of mediation having been ordered. The record fails to reflect any meaningful action taken by Stacy to prosecute this case. Therefore, the trial court scheduled a second show cause hearing. Because Stacy claimed that she did not receive notice of this hearing, the trial court extended her the benefit of the doubt and directed that she submit to the court a scheduling order within thirty days. When Stacy failed to submit the requested scheduling order, the trial court dismissed this case with prejudice.
 

 ¶ 14. Clearly, the trial court gave Stacy numerous opportunities to timely prosecute this matter. This Court cannot now say that the trial court abused its discretion in dismissing this case with prejudice.
 

 ¶ 15. Therefore, we find that this issue is without merit and affirm the judgment of the trial court.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES AND CARLTON, JJ., NOT PARTICIPATING.
 

 [1]
 

 . The record does not contain the letter; however, a photocopy of the clerk's docket, which is part of the record, reveals that a
 
 *367
 
 letter sent to the court administrator was filed with the court.
 

 [2]
 

 . Again, the record does not contain this letter; however, a photocopy of the clerk's docket, which is part of the record, reveals that a letter was filed with the court.