BARNES, J.,
for the Court:
¶ 1. In 1998, Herbert Hanson Jr. filed an action for breach of contract and intentional interference with a contract, which eventually resulted in this appeal. After seven years of court filings and discovery, the Harrison County Circuit Court granted a summary judgment against Hanson in early 2005. Hanson filed an interlocutory appeal, and the Mississippi Supreme Court reversed the summary judgment and remanded the case for trial in July 2005. Hanson, however, did not file anything of record from 2005 to 2009. As a result, the circuit court granted a motion to dismiss for failure to prosecute filed by Harrison County and Ben Clark, and a final judgment dismissing the claim as to all Appel-lees was entered.[1] Hanson now appeals, and finding no abuse of discretion in the circuit court’s ruling, we affirm the judgment.[2]
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. This appeal originates from a thirteen-year-old action for intentional interference with a contract. Hanson and OPM-USA entered into a lease agreement for the construction of a cellular tower on Hanson’s property. However, the Building Code Administrator for Harrison County, Ben Clark, denied the construction site permit for Hanson’s property as the tower height was larger than the property borders and, consequently, did not meet the safety regulations. As a result, OPM-USA entered into a contract with Hanson’s neighbor, West Harrison Farms, LLC (West Harrison Farms) to construct the tower on its property.
¶ 3. On July 8, 1998, Hanson filed an action for breach of contract against OPM-USA and alleged that West Harrison Farms and OPM-USA conspired to interfere with the contract. Hanson settled with OPM-USA for $22,500, and the claims against OPM-USA were dismissed with prejudice on April 29, 1999. Hanson filed an amended complaint that included claims of intentional interference with the contract against defendants John Gregory Disotell; West Harrison Farms; J & J Investments, LLC; Clark; and Harrison County (collectively referred to as “Appel-lees”). The amended complaint alleged that Clark and Disotell (who was acting through J & J Investments and hired by West Harrison Farms) conspired to reject his permit and interfered with his lease contract.
¶ 4. Harrison County filed a motion for summary judgment, and a hearing was held on June 26, 2000. The circuit court took the summary-judgment motion under advisement and allowed discovery to pro *354 ceed. From 1999-2002, depositions of parties and witnesses were taken, including the deposition of Clark, who later died in 2004.[3] Hanson filed a motion to set trial on May 26, 2004. Then, on March 17, 2005, the circuit court granted summary judgment sua sponte in favor of Harrison County and Clark, noting that OPM-USA had fully compensated Hanson for his breach-of-contract claim. Hanson filed a motion to reconsider the judgment, which the circuit court denied on April 11, 2005.
¶ 5. Hanson filed a petition for interlocutory appeal with the supreme court, which granted Hanson’s appeal and, on July 21, 2005, issued a mandate to reverse and remand the case for trial. Unfortunately, Hurricane Katrina hit the Gulf Coast area on August 29, 2005, and as a result, no circuit court jury trials were held in Harrison County, Mississippi, until 2006. Although there was correspondence among counsel in 2007 regarding setting a trial date, Hanson filed nothing of record with the circuit court until 2009, as discussed below.
¶ 6. On June 30, 2009, Harrison County filed a motion to substitute counsel, which the circuit court granted. Hanson’s attorney then contacted the Appellees’ counsel on September 1, 2009, requesting their input on trial dates. Harrison County responded that it would need more time to review the case record as its counsel recently had taken over the board attorney position in July 2009. Nevertheless, on October 2, 2009, Hanson filed a motion to set the case for trial. Harrison County and Clark responded with a motion to dismiss for lack of prosecution under Mississippi Rule of Civil Procedure 41(b); Disotell and J & J Investments later joined in this motion. A hearing was held on November 19, 2009, and the circuit court subsequently granted the motion to dismiss. In its order of dismissal, the circuit court stated that Hanson had failed to prosecute his claim for four years and that any action taken by Hanson was only after the motion to substitute counsel was filed. The circuit judge further reasoned that “the imposition of any lesser sanctions would not serve the best interests of justice.”
¶ 7. On December 17, 2009, West Harrison Farms filed a motion to dismiss. Then, on December 18, 2009, Hanson filed a motion to reinstate the case for trial. Harrison County■ and Clark filed a response to the motion, which Disotell and West Harrison Farms joined. The circuit court denied Hanson’s motion to reinstate the case and entered a final judgment of dismissal against all Appellees on June 29, 2010. Hanson appeals, and finding no abuse of the circuit court’s discretion, we affirm the judgment of dismissal for failure to prosecute.
I. Whether the circuit court’s dismissal of Hanson’s claim under Rule 41(b) was an abuse of discretion.
¶ 8. Hanson argues that the circuit court’s dismissal of his claim for failure to prosecute under Rule 41(b) was error as the delay in prosecution was attributable to the Appellees’ motions for continuances, the after-effects of Hurricane Katrina on the Gulf Coast judicial system, the retirement of a circuit judge, and the substitution of counsel for Harrison County. He further maintains that since all the material witnesses were deposed, there was no prejudice suffered by Appellees relating to relocated or deceased witnesses.
*355 ¶ 9. Rule 41(b) permits defendants to move for dismissal of any action “[f]or failure of the plaintiff to prosecute^]” M.R.C.P. 41(b). “Rule 41(b) embodies the tenet that ‘any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court’s control of its own docket.’ ” Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 17) (Miss.2009) (citing Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 (¶ 5) (Miss.2006)). “What constitutes failure to prose cute is considered on a case-by-case basis.” Id. (quoting Cox v. Cox, 976 So.2d 869, 874 (¶ 14) (Miss.2008)). A circuit court’s decision to dismiss for failure to prosecute for is reviewed for abuse of discretion. Stacy v. Johnson, 25 So.3d 365, 368 (¶ 10) (Miss.Ct.App.2009) (citing Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990)). “[Dismissal for failure to comply with an order of the trial court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.” Collins v. Koppers, Inc., 59 So.3d 582, 589 (¶ 19) (Miss.2011) (quoting Wallace, 572 So.2d at 376).

A. Delay

¶ 10. “There is no set time limit on the prosecution of an action once it has been filed[.]” Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (¶ 12) (Miss.1998). To support a dismissal of a claim, “[i]t must be clear from the record that the delay was the result of the plaintiff’s failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff.” Barry v. Reeves, 47 So.3d 689, 694 (¶ 14) (Miss.2010). “Factors other than delay are not required. The standard is whether there is a clear record of delay or contumacious conduct by the plaintiff.” Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 198 (¶ 20) (Miss.2010) (quoting Cox, 976 So.2d at 875 (¶ 17)).
¶ 11. Upon review, we find that the record clearly shows delay by Hanson. After the supreme court issued its mandate in July 2005, Hanson filed nothing of record until October 2, 2009, when he filed his motion to set a trial. Despite all the extenuating circumstances that occurred during that period, such as Hurricane Katrina and the retirement of the circuit judge, four years is a considerable period of time for Hanson to fail to file anything of record with the court. There were several continuances filed by the defendants as noted by Hanson; however, these were all filed prior to the 2005 order of the supreme court. We recognize that some delay is attributable to Hanson’s attorney, whose new cases resulting from Hurricane Katrina were time-consuming. Yet there was no evidence presented that Hanson attempted to get his attorney to take any action on his claim. The only item of note during this period is a letter dated August 16, 2007, to Appellees’ counsel regarding setting a court date. As the circuit judge summarized:
Although there is no evidence of the plaintiffs intentional conduct to facilitate a 12-year delay in bringing this matter to trial, there is, in turn, no evidence that the plaintiff did anything other than idly stand by. In addition, the plaintiffs counsel or plaintiff himself must bear some responsibility for the delay where there’s no evidence he did anything else.
¶ 12. Moreover, Hanson’s filing of the motion to set trial was clearly reactionary as he did not file the motion until after Harrison County had filed its motion to substitute counsel in 2009. See Holder, 54 So.3d at 198 (¶ 22) (When reviewing a dismissal for failure to prosecute, consideration may be given as to “whether the *356 plaintiffs] activity was reactionary ... or whether the activity was an effort to proceed in the litigation.”); Hill v. Ramsey, 3 So.3d 120, 122 (¶7) (Miss.2009) (finding no abuse of discretion in the court’s dismissal as no action of record took place for almost two years, and “the only action taken by the plaintiff between filing the amended complaint and this appeal was reactionary”).
¶ 13. Consequently, we conclude that the circuit court’s finding of delay on the part of Hanson is supported by the evidence.

B. Lesser Sanctions

¶ 14. “[Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.” Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (¶ 11) (Miss.1999) (quoting Wallace, 572 So.2d at 376). A trial on the merits is preferred, and a dismissal for lack of prosecution should be reluctantly employed by the circuit court. Days Inn of Winona, 720 So.2d at 180 (¶ 12) (citing Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). If a circuit court does not consider alternative sanctions, “a Rule 41(b) dismissal is less likely to be affirmed.” Collins, 59 So.3d at 589 (¶ 19) (quoting Wilson v. Nance, 4 So.3d 336, 343 (¶27) (Miss.2009)). “Lesser sanctions include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.” Hoffman, 752 So.2d at 1035 (¶ 16) (quoting Wallace, 572 So.2d at 377).
¶ 15. The circuit judge, in his order, noted the following in his consideration of lesser sanctions:
As stated previously, eleven years have passed since the initial Complaint was filed and the cause has not been diligently prosecuted for over four years. Such a lengthy passage of time is prejudicial to the Defendants. Defendant Ben G. Clark died in 2004. Moreover, witnesses have relocated and parties and witnesses’ memories regarding the cause of action have faded. Since the availability of evidence has been altered, this Court finds the imposition of any lesser sanctions would not serve the best interests of justice.[4]
(Emphasis added). Hanson contends that the Appellees failed to present any evidence of prejudice, noting that Clark’s deposition was available and that “[a]ll other material witnesses ha[d] been deposed and their testimonies] under oath preserved in writing.”
¶ 16. Even when there is “no evidence of actual prejudice to the defendants, prejudice may also be presumed for unreasonable delay; but the preference for a decision on the merits must be weighed against any such presumption.” Jenkins v. Tucker, 18 So.3d 265, 272 (¶26) (Miss.Ct.App.2009) (citing Cox, 976 So.2d at 879 (¶ 44)). In Hensarling v. Holly, 972 So.2d 716, 721 (¶ 16) (Miss.Ct.App.2007), this Court cited Watson v. Lillard, 493 So.2d 1277, 1279 (Miss.1986) for the proposition that “a trial judge’s findings of fact on a Rule 41(b) dismissal were to be presumed.” The Hensarling court also observed:
Further, when we consider certain aggravating factors, such as the prejudice *357 to the defendant, we find that the record is sufficient to show that lesser sanctions would not have served the best interest of justice. As the lower court noted, Hensarling failed to timely serve process on Holly, failed to conduct any sort of discovery within the required time, and failed to diligently prosecute the case for four years. Almost nine years have passed since the initial complaint was filed. The passage of time in this case may have altered the physical evidence available. Hine v. Anchor Lake Prop. Owners Ass’n, 911 So.2d 1001, 1006 (¶ 18) (Miss.Ct.App.2005) (plaintiffs delay in dragging case out over seven years was prejudicial to defendant).... It is unclear how anyone’s memory will be tested in discovery at this point, or whether any evidence is still available. In addition, it is difficult for us to see how attorney discipline, fines, or even a dismissal without prejudice would serve the best interests of justice at this time. There is no evidence to support an argument that the case would be prosecuted any differently if it were reinstated. We find the delay is certainly prejudicial to the defendants and it would not serve the best interest of justice to reinstate this case. Thus, we find that the dismissal of this case with prejudice was not an abuse of discretion.
Id. at 721-22 (¶¶ 17-18) (emphasis added).
¶ 17. The circuit judge in this case contemplated lesser sanctions in his order and found prejudice to the defendants. We admit that mere fact that Clark was unavailable as a witness might not have been sufficient to show prejudice as his deposition was preserved for the record. However, when considered with the fact that Hanson filed nothing with the circuit court from 2005 to 2009 and that it had been eleven years since the complaint was filed, we find that this is sufficient to support the circuit court’s finding of prejudice. Such lengthy, protracted litigation creates issues with the evidence and witnesses’ memories, even with the availability of depositions.
¶ 18. Accordingly, we find the circuit court’s dismissal for failure to prosecute under Rule 41(b) was not an abuse of discretion.
II. Whether the circuit court’s dismissal of his claim denied Hanson procedural due process.
¶ 19. Hanson also argues that since the circuit court has not adopted a written rule “governing the case trial setting procedure,” he was denied due process. In other words, he claims that the circuit court should have had a written procedure to set the docket at the beginning of the court’s term, and he claims that the lack of any uniform rule “has been a significant causative factor in the inability of the Plaintiffs counsel to set this case for trial.”[5]
¶ 20. We find Hanson’s argument unpersuasive. While he argues that much of the delay resulted from counsel being unable to agree on a trial date, Hanson had the ability to file a motion to set trial prior to October 2009. It was his responsibility to prosecute his case, not the defendants’ or the circuit court’s. See Cox, 976 So.2d at 880 (¶ 50). Further, the only authority cited by Hanson is to support his due process claim is Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466, 469 (Miss.1990), which dealt with the failure to give notice of a hearing on a *358 motion to set aside judgment and is wholly inapplicable to this situation. Therefore, we conclude that the circuit court’s dismissal of Hanson’s claim did not deprive him of procedural due process.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J. MYERS, J., NOT PARTICIPATING.

. Although Harrison County Code Administration was originally designated as a defendant, it was later noted that the administration was merely a department of the county. Thus, on November 18, 2002, Harrison County was substituted and designated as a defendant. Therefore, we will refer to this appellee as Harrison County in our opinion.

. Only Harrison County and Ben Clark filed an appellee's brief; however, West Harrison Farms, LLC has joined and adopted the arguments contained therein. John Gregory Diso-tell and J & J Investments, LLC have not participated in this appeal. The only item of record on appeal for Disotell is a grant of counsel’s motion for leave to withdraw.

. On January 10, 2005, Hanson filed a motion to substitute the Estate of Ben Clark for the Defendant Ben Clark, deceased. We will continue to refer to Clark's estate as “Clark.”

. There is nothing in the record to confirm that witnesses have relocated. The Appellees merely note in their brief: "Not only has a witness died, but just trying to locate witnesses, original documents, files, or other evidence etc. after such a length of time which elapsed in this case alone is prejudicial."

. Hanson also notes that Mississippi previously had a statute — Mississippi Code Annotated section 9-7-13-that dealt with a trial court’s ability to call cases on the docket. This statute was repealed, however, in 1991.