BARNES, J., for the Court:
¶ 1. A complaint was filed in Hinds County Circuit Court against Mississippi Baptist Health Systems (MBHS) on January 5, 2001, alleging negligence in the medical care of Patrick O’Neal Savontrell Montgomery, a minor. The injury allegedly occurred on December 30, 1997. In 2008, an order was entered by the Hinds County Chancery Court, awarding custody of Montgomery to his natural father, Patrick Townsend, and allowing Townsend to intervene as a party and represent Montgomery’s interests in the circuit court suit.[1] However, even though MBHS filed a motion to compel discovery on August 27, 2009, which the circuit court granted, no action of record was taken by Montgomery after 2008, except for a couple of responses to interrogatories.
¶ 2. Finally, on July 17, 2012, the case was called for a status update at a mandatory docket call on threat of dismissal for failure to prosecute. Since the email address of Montgomery’s counsel was not included in the mass docket notice, counsel did not get the notice of the hearing and did not attend the docket call. Consequently, on August 8, 2012, the circuit judge, sua sponte, entered an order of dismissal for failure to prosecute under Mississippi Rule of Civil Procedure 41(b). The order stated:
Having noted that there has been no action of record in this matter for over two and one-half (2½) years and otherwise being fully advised in the premises, the Court finds that pursuant to Hensarling v. Holly, 972 So.2d 716 (Miss.Ct.App.2007), it has authority to dismiss this action based upon Plaintiff’s clear record of delay in the prosecution of this matter.
This order by the circuit court “operate[d] as an adjudication upon the merits.” See M.R.C.P. 41(b) (Involuntary dismissal for failure to prosecute is “an adjudication upon the merits” unless otherwise specified.).
¶ 3. Montgomery filed a motion to reconsider on August 10, 2012, arguing that counsel would have attended the docket call had he received notice. Out of an abundance of caution, Montgomery then filed a notice of appeal with the Mississippi Supreme Court on September, 7, 2012. A hearing on the motion to reconsider was held on September 10, 2012, at which time the circuit judge learned that Montgomery had filed his notice of appeal. As a result, the circuit judge concluded, in his November 30, 2012 order, that the filing of the notice of appeal with the supreme court deprived him of jurisdiction over the matter, and he denied Montgomery’s motion, finding it “moot.” However, the circuit judge did note that had “jurisdiction remained in th[e] court,” he would have reinstated the matter.
*908 ¶ 4. Montgomery appeals, claiming that the circuit court abused its discretion in dismissing the case, and that it should have considered lesser sanctions. Upon review, we find that the circuit court erred in its determination that it did not have jurisdiction to rule on Montgomery’s motion to reconsider. Therefore, we reverse the circuit court’s judgment and remand for further consideration of the merits of Montgomery’s motion.
DISCUSSION
¶ 5. Although not raised by either party on appeal, we must discuss the circuit court’s finding that it did not have jurisdiction to consider Montgomery’s motion. Mississippi Rule of Appellate Procedure 4(d) provides, inter alia, that a timely motion under Mississippi Rule of Civil Procedure 59 to alter or amend a judgment suspends the time for filing a notice of appeal. The rule continues:
A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.
The comment to Rule 4 further notes: “A notice filed before the filing of one of the specified motions or after the filing of a motion but before its disposition is, in effect, suspended until the motion’s disposition, whereupon the previously filed notice effectively places jurisdiction in the Supreme Court.”
¶ 6. On September 13, 2012, counsel for Montgomery aptly asserted in a letter to the circuit judge: “We believe it is appropriate to consider the appeal deadline tolled upon the filing of a motion to reconsider!,] and we believe the court should make a ruling on the motion, but we had to file the notice of appeal to be certain in protecting the rights of this child who is the plaintiff.” Montgomery timely filed what was, in effect, a motion to reconsider the judgment under Mississippi Rule of Civil Procedure 59(e). As a result, under Rule 4(d), Montgomery’s notice of appeal was “suspended” until the circuit court’s disposition of his motion to reconsider. Accordingly, we find that the circuit court had jurisdiction to consider the merits of Montgomery’s motion. The circuit court stated that if it had jurisdiction, it would reinstate the matter “out of an abundance of caution” and “allow it to proceed to trial” since Montgomery’s attorney did not receive notice of the docket call.
¶ 7. We reverse the circuit court’s judgment and remand this case for further proceedings on the merits of Montgomery’s motion for reconsideration.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPEL-LEE.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. We will refer to the plaintiff/appellant as "Montgomery” throughout the remainder of this opinion.