# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00945-COA

**JOYCIE WILSON**                                    **APPELLANT**

**v.**

**LEKEYCHA BARNES-WILSON**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JEANINE M. CARAFELLO |
| ATTORNEY FOR APPELLEE: | VENECCA GREEN MASON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 01/07/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Joycie Wilson filed suit against her ex-husband's current wife, Lekeycha Barnes-Wilson, for alienation of affection, negligent infliction of emotional distress, and intentional infliction of emotional distress. Lekeycha filed a motion for summary judgment or, in the alternative, to dismiss for lack of prosecution, which the trial court granted, dismissing the case with prejudice. When Joycie's motion for reconsideration was denied, she appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 4, 2020, Joycie filed a complaint against Lekeycha for alienation of affection, negligent infliction of emotional distress, and intentional infliction of emotional distress, alleging that Lekeycha had induced Joycie's former husband, Walter Wilson, into

an extramarital affair that resulted in the termination of Joycie and Walter's marriage. Joycie sought both compensatory and punitive damages. On January 19, 2021, Lekeycha filed her answer and affirmative defenses to the complaint in the form of a general denial.

¶3. Lekeycha filed a notice of service of interrogatories and requests for production of documents on March 10, 2021. Joycie filed a notice that she had answered the interrogatories on June 3, 2021. No further action was taken of record until almost a year later on May 21, 2022, when Lekeycha filed her motion for summary judgment or to dismiss for lack of prosecution. Lekeycha attached to her motion Walter's affidavit in which he testified, "[M]y decision to leave my marriage with Joycie Wilson was my independent choice. Joycie Wilson's jealous, mean, and violent behavior towards me destroyed, once and for all, the love and harmony of our marriage and our home life." He further testified that Lekeycha had no role in the dissolution of his marriage to Joycie and that when he met Lekeycha, Joycie "had already destroyed the love and affection in our marriage."

¶4. Almost another year later, on May 8, 2023, Jeanine M. Carafello entered her appearance as attorney of record for Joycie.[1] On May 15, 2023, Venecca Mason, Lekeycha's counsel, emailed Carafello regarding what dates she would be available for the trial court to hear the May 21 motion. After Mason advised Carafello of two open dates on the trial court's docket, August 16 and October 17, on May 23, 2023, Carafello replied, "October 17, 2023 works for me." At some point after that (the record is unclear) Mason contacted the trial

---

[1] Joycie's complaint was filed by Jerry Campbell, and he still remains listed on the circuit court's records as an attorney for Joycie. There is no order allowing him to withdraw as counsel.

court to place Lekeycha's motion on the docket for October 17, 2023.

¶5. According to the order denying Joycie's motion for reconsideration, Mason was advised to "provide a hard copy of the motion, along with a proposed order, if they so desired, because the matter would be reviewed before a hearing date was granted." Mason filed a memorandum in support of her motion and a proposed order granting the motion on June 6, 2023. The order of dismissal was entered the same day, stating, "Defendant's Motion for Summary Judgment, or in the Alternative, Motion to Dismiss for Failure to Prosecute is granted."

¶6. On June 9, 2023, Joycie filed a motion for reconsideration. Joycie argued that she was not given an opportunity "to file a responsive pleading to a motion that was NEVER SET FOR HEARING." Joycie further argues that she procured new counsel in order to prosecute the case and that no evidence showed that she was responsible for the delay or that the delay was intentional. Lekeycha filed a response to Joycie's motion for reconsideration. She contends that after Carafello entered her appearance, she did not address the pending motions or attempt to contact Mason.

¶7. The trial court denied the motion for reconsideration, finding that Joycie had failed to comply with Mississippi Rule of Civil Procedure 59(e). According to the trial court, Joycie had "not illustrated an intervening change in controlling law, availability of new evidence not previously available, or a need to correct a clear error of law or to prevent manifest injustice." Further the trial court found that "[Joycie's] theories do not change the Court's finding that her claim fails both as a matter of law and for lack of prosecution."

3

**ANALYSIS**

¶8. It is clear that the trial court granted both Lekeycha's motion for summary judgment and her motion to dismiss for failure to prosecute. On appeal, Joycie does not challenge the grant of summary judgment. We will address the sole issue raised by Joycie on appeal:

**Whether the trial court erred when it dismissed Joycie's
complaint with prejudice for failure to prosecute.**

¶9. Our standard of review of a dismissal for failure to prosecute is set out in *Wren v. Zellers*, 390 So. 3d 1011, 1015 (¶¶8-10) (Miss. Ct. App. 2024):

> This Court utilizes an abuse-of-discretion standard of review when faced with a trial court's dismissal for lack of prosecution pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. *Holmes v. Grisby*, 234 So. 3d 425, 427-28 (¶8) (Miss. Ct. App. 2017) (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010)). **Our review is "on a case-by-case basis."** *Sullivan v. Maddox*, 283 So. 3d 222, 234 (¶54) (Miss. Ct. App. 2019) (quoting *Cox v. Cox*, 976 So. 2d 869, 874 (¶14) (Miss. 2008)).

> "[D]ismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." [*Id.*] (quoting *Holder*, 54 So. 3d at 197 (¶17)). "The supreme court has provided considerations to be weighed in determining whether to affirm a Rule 41(b) dismissal with prejudice: (1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors." *Id.* (quoting *Hensarling v. Holly*, 972 So. 2d 716, 719 (¶7) (Miss. Ct. App. 2007)).

> It is true that "there is no set time limit on the prosecution of an action once it has been filed[.]" *Id.* at 235 (¶55) (quoting *Holder*, 54 So. 3d at 197 (¶17)). "However, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." *Id.* (quoting *Hensarling*, 972 So. 2d at 720 (¶8)). If there is a clear record of delay, "there is no need for a showing of contumacious conduct." *Hensarling*, 972 So. 2d at 720 (¶12) (quoting *Hine v. Anchor Lake Prop. Owners Ass'n*, 911 So. 2d 1001, 1005 (¶14) (Miss. Ct. App. 2005)).

4

(Footnote omitted) (emphasis added).

¶10.    In the present case, Joycie's acts of record are limited to the following:

12/04/2020        Summons issued to Lekeycha Barnes Wilson

12/04/2020        Complaint filed

06/03/2021        Notice of services of responses to Interrogatories

05/08/2023        Notice of Appearance by Jeanine Carafello

06/09/2023        Motion for Reconsideration

After her complaint was filed, Joycie took no action of record for two and one-half years. An "action of record' has been defined in *Hasley v. Hasley*, 385 So. 3d 1258, 1263 (¶15) (Miss. Ct. App. 2024):

> An "action of record" includes such filings as "[p]leadings, discovery requests, and deposition notices" as well as any act "that advances the case to judgment." [*Scott v. United Healthcare of Miss. Inc.*, 374 So. 3d 1270, 1276] (¶21) [(Miss. Ct. App. 2023)].

After filing her complaint, Joycie took no proactive steps to advance the case to judgment. Instead, all she did was merely reactionary. In *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853-54 (¶23) (Miss. 2018), the supreme court stated:

> The first question before this Court is whether this case presents a clear record of dilatory or contumacious conduct on the part of the plaintiff. **In reviewing this factor, this Court considers whether the plaintiff's conduct during the litigation was proactive or merely reactionary.** *Hillman v. Weatherly*, 14 So. 3d 721, 727 (Miss. 2009) (finding a clear record of delay where plaintiff did not respond to discovery until both the defendant and the circuit clerk had filed motions to dismiss for want of prosecution). While there is no set time limit to prosecute [a] lawsuit, the cases in which this Court has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue its claims. *See Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 116 (Miss. 2014) (plaintiff took no action for two years after filing her complaint, failed to

5

respond to discovery, and **took more than a year to respond to the defendant's motion to dismiss**).

(Emphasis added).

¶11.    Joycie took no proactive steps to advance her cause to judgment. She has requested no discovery and set no depositions. Time for discovery passed ninety days after the answer was filed on January 19, 2021.[2] She did not seek an extension of the discovery deadline, and she did not seek additional time to respond to the dispositive motion Lekeycha filed. She failed to respond to the motion to dismiss for over a year after it was filed and waited until it had been dismissed by the trial court.

## CONCLUSION

¶12.    We find that the trial court did not abuse its discretion by dismissing the complaint for lack of prosecution pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE AND WEDDLE, JJ., CONCUR. McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  ST. PÉ, J., NOT PARTICIPATING.**

---

[2] *See* UCRCCC 4.03(A).