`IN THE SUPREME COURT OF MISSISSIPPI

NO. 2008-CT-01442-SCT

*MARGUERITE B. HOLDER AND HERBERT*
*HOLDER*

*v.*

*ORANGE GROVE MEDICAL SPECIALTIES, P.A.,*
*AND BOYD BENEFIELD, M.D.*

<u>ON WRIT OF CERTIORARI</u>

DATE OF JUDGMENT:                07/29/2008
TRIAL JUDGE:                     HON. JERRY O. TERRY, SR.
COURT FROM WHICH APPEALED:       HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         L. CHRISTOPHER BREARD
ATTORNEYS FOR APPELLEES:         STEPHEN GILES PERESICH
                                 JOHANNA MALBROUGH McMULLAN
                                 BRIAN DOUGLAS MAYO
NATURE OF THE CASE:              CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                     THE JUDGMENT OF THE COURT OF
                                 APPEALS IS REVERSED. THE JUDGMENT
                                 OF THE HARRISON COUNTY CIRCUIT
                                 COURT IS REINSTATED AND AFFIRMED -
                                 12/09/2010
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Marguerite Holder and her husband, Herbert Holder (the Holders), filed a medical-

negligence suit against Orange Grove Medical Specialties, P.A.; Boyd Benefield, M.D.; and

John Does One through Five (Orange Grove) on December 7, 2006, in the Circuit Court for

the First Judicial District of Harrison County. On July 29, 2008, almost one year and eight

months later, the circuit judge dismissed the suit with prejudice, as to each defendant, for want of prosecution in accordance with Mississippi Rule of Civil Procedure 41(b). The Holders appealed the dismissal, and the Court of Appeals reversed the circuit court, holding that the circuit judge should have imposed a lesser sanction. ***Holder v. Orange Grove Med. Specialties, P.A.***, ___ So. 3d ___, 2010 WL 11267 (Miss. Ct. App. Jan. 5, 2010), *reh'g denied* (May 18, 2010). Orange Grove petitioned this Court for writ of certiorari, which we granted. ***Holder v. Orange Grove Med. Specialties, P.A.***, 39 So. 3d 5 (Miss. 2010). Finding error in the Court of Appeals' judgment reversing the trial court's Rule 41(b) dismissal, we reverse the decision of the Court of Appeals and reinstate and affirm the judgment of the Circuit Court for the First Judicial District of Harrison County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     The following history, in large part, is taken from the facts and trial-court proceedings as set out in the opinion of the Court of Appeals.

¶3.     On September 21, 2004, Marguerite was admitted to Garden Park Medical Center after having been diagnosed with a new onset of atrial fibrillation. She was discharged from Garden Park on or about September 26, 2004, by Dr. Benefield and placed on the blood-thinning medication, Coumadin.

¶4.     According to the complaint, blood tests taken on October 6, 2004, indicated that her Coumadin levels were therapeutically too high for her condition and placed her at a greater risk for a stroke. No change in her therapy was ordered, but a follow-up appointment was

2

made for October 13, 2004. Also, an appointment had been scheduled with Dr. Shah,[1] Marguerite's cardiologist, who apparently had been called in as a consultant by Dr. Benefield when Marguerite was in the hospital.[2]

¶5. The plaintiffs alleged that when Marguerite arrived for her appointment at Orange Grove on October 13, she was told by an unnamed employee, who was a nurse at [the] clinic, that additional blood work would not be necessary because it had been performed the week before. Marguerite did not see the doctor that day, and no adjustments were made to her Coumadin dosage. The following day, on October 14, 2004, Marguerite suffered a hemorrhagic stroke.

¶6. The plaintiffs filed their complaint on December 7, 2006, more than two years after Marguerite had suffered her stroke.[3] The defendants filed a motion for enlargement of time

---

[1]The record does not provide Dr. Shah's full name.

[2]In their answer, the defendants admitted that Marguerite had an appointment scheduled with Dr. Shah for October 15, 2004, but they disputed that Marguerite had a follow-up appointment scheduled for blood work to be performed at the Orange Grove clinic on October 13.

[3]According to the complaint, the plaintiffs alleged the following acts of negligence:

(1) Defendants negligently failed to monitor and adjust Marguerite's Coumadin therapy, which resulted in her becoming overly anticoagulated and caused her to suffer the hemorrhagic stroke;
(2) Orange Grove is responsible for the negligent acts of its employees, based on the theory of respondeat superior;
(3) Orange Grove was negligent in failing to have a reasonable protocol in place to prevent over anticoagulation in a patient such as Marguerite;
(4) The nurse employee/employees of Orange Grove was/were negligent in not performing a follow-up anticoagulation study on October 13, 2004,

3

in which to file an answer, which was granted on January 8, 2007. The defendants timely filed their answer and defenses to the plaintiffs' complaint on February 12, 2007. Along with that motion, the defendants filed a motion to compel waiver of medical privileges, which included their "First Set of Interrogatories and Requests for Production of Documents to the Plaintiffs."

¶7.     On March 8, 2007, plaintiffs' counsel sent correspondence to defendants' counsel advising that he was in trial on another matter "for the next couple of days" and would not be able to complete discovery until that trial was concluded.

¶8.     On May 4, 2007, defendants' counsel sent correspondence to plaintiffs' counsel inquiring when responses to the defendants' discovery requests would be completed. On May 22, 2007, plaintiffs' counsel provided the defendants with an "Authorization to Disclose, Release and Furnish Protected Health Information."

---

Marguerite's return visit, and/or failed to discuss the matter with a physician; (5) Orange Grove and Dr. Benefield were negligent in not having an adequate system for monitoring Coumadin therapy and/or having studies performed locally and test results immediately available for the physicians' review and reaction to increasing anticoagulation, placing a patient at unnecessarily increased risk of stroke; (6) Defendants Does One through Five, whose identities are unknown at this time, are guilty of such acts of negligence, which are, at present, unknown to Plaintiffs, but may be discovered during trial preparation of this case; (7) Defendants, collectively, are guilty of such other acts of negligence as may be discovered during trial preparation of this case.

¶9. On May 24, 2007, defendants' counsel refaxed his May 4 inquiry about completion of discovery to plaintiffs' counsel, and did so again on June 4, 2007. According to the defendants, each request was ignored.

¶10. Approximately one year later, on May 5, 2008, plaintiffs' counsel sent a letter to defendants' counsel requesting to take Dr. Benefield's deposition. Two days later, while still not having answered the defendants' discovery, plaintiffs' counsel filed interrogatories and requests for production of documents. On May 9, 2008, the defendants filed a motion to dismiss for failure to prosecute, citing in part the plaintiffs' failure to answer discovery.

¶11. On May 22, 2008, the plaintiffs filed answers to the interrogatories and requests for production of documents which had been propounded by the defendants on February 12, 2007, more than fifteen months earlier, along with a motion to compel the deposition of defendant, Dr. Benefield. The defendants responded on June 10, 2008, by filing a motion seeking to strike the plaintiffs' motion to compel Dr. Benefield's deposition. On July 24, 2008, the plaintiffs filed their response to the defendants' motion to dismiss for failure to prosecute.

¶12. The defendants' motion to dismiss came before the Circuit Court of Harrison County on July 25, 2008. After a hearing on the matter, the trial court ordered the case dismissed with prejudice, holding:

> I feel like that the delays in responding to discovery and not pursuing the case as it should have been for this period of time is certainly sufficient for the Court to deem that the case was not pursued properly; that it should be dismissed for failure to prosecute the case.

5

¶13.   Upon request from plaintiffs' counsel that a statement of findings of fact and conclusions of law be made by the court, the trial judge stated: "I'm not going to make a finding of fact and conclusion of law any further than adopting the argument of counsel for the defendant, the cases that he has cited as to the basis for the dismissal [sic].  And the record speaks for itself. That's it." *Holder*, 2010 WL 11267 at **1-2, ¶¶2-12.

## PROCEEDINGS IN THE COURT OF APPEALS

¶14.   Before the Court of Appeals, the Holders asserted that the trial court had abused its discretion in dismissing the case for want of prosecution.  The Court of Appeals thoroughly addressed the issue and reversed the trial court, finding that there was no actual or presumptive prejudice to the defendants and that no aggravating factors were present. *Holder*, 2010 WL 11267 at *7, ¶41.

## DISCUSSION

¶15.   On July 29, 2010, we granted the defendants' petition for writ of certiorari. *Holder v. Orange Grove Med. Specialties*, 39 So. 3d 5 (Miss. 2010).

¶16.   We employ an abuse-of-discretion standard when reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b). *Am. Tel. & Tel. v. Days Inn of Winona*, 720 So. 2d 178, 180 (Miss. 1998) (citing *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990)). "Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (Miss. 2002) (citing *Am. Tel. & Tel.*, 720 So. 2d at 180; *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)).

6

¶17.    Mississippi Rule of Civil Procedure 41(b) permits defendants to move for dismissal of any action "[f]or failure of the plaintiff to prosecute . . . ." Miss. R. Civ. P. 41(b). "Rule 41(b) embodies the tenet that 'any court of law or equity may exercise the power to dismiss for want of prosecution.  This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket.'" *Hillman v. Weatherly*, 14 So. 3d 721, 726 (Miss. 2009) (citing *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 240 (Miss. 2006) (citing *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (quoting *Watson*, 493 So. 2d at 1278).   Motions for failure to prosecute are considered on a case-by-case basis. *Id.* (citing *Am. Tel. & Tel.*, 720 So. 2d at 181 (citing *Wallace*, 572 So. 2d at 376)). "There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only 'where the record shows the plaintiff has been guilty of dilatory or contumacious conduct.'" *Miss. Dep't of Human Servs.,* 830 So. 2d at 632 (citing *Watson*, 493 So. 2d at 1278).  Finally, this Court also must consider whether lesser sanctions would suffice. *Id.* at 633 (citing *Am. Tel. & Tel.*, 720 So. 2d at 181-82).  We also are "mindful of the fact that 'dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.'" *Hoffman v. Paracelsus Health Care Corp.*, 752 So. 2d 1030, 1034  (Miss. 1999) (citing *Wallace*, 572 So. 2d at 376).

¶18.    In sum, this Court may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff;  and (2) a finding by this Court that lesser

7

sanctions would not serve the interests of justice. Additional "aggravating factors" or actual prejudice may bolster the case for dismissal, but are not requirements. We address each of these considerations below.

*A.  Clear Record of Delay*

¶19.    The Court of Appeals correctly found a clear record of delay in today's case. ***Holder***, 2010 WL 11267 at *5, ¶28. The Court of Appeals made the following findings with regard to delay: the Holders did not submit their answers to interrogatories until 435 days past the deadline set by Mississippi Rule of Civil Procedure 33(b)(3);[4] the Holders did not begin their own discovery until almost a year past the deadline set by Uniform Rule of Circuit and County Court Practice 4.04(A);[5] and the Holders failed to reply to the defendants' motion to dismiss within the ten-day time limit in Rule 4.03(2) of the Uniform Rules of Circuit and County Court Practice.[6] ***Holder***, 2010 WL 11267 at *3, ¶¶17-20. Based on these findings, the Court of Appeals held that:

---

[4]Rule 33(b)(3) requires plaintiffs to serve their answers, and any objections thereto, within thirty days of receiving the defendant's interrogatories. The Holders received the defendants' interrogatories on February 12, 2007, and answered them on May 22, 2008, 435 days past the deadline.

[5]Rule 4.04(A) states in part: "All discovery must be completed within ninety days from service of an answer by the applicable defendant." The defendants answered on February 12, 2007, and the Holders did not begin their discovery until May 5, 2008, almost a year past the May 12, 2007, deadline.

[6]Rule 4.03 of the Uniform Rules of Circuit and County Court Practice requires plaintiffs to reply to a motion to dismiss within ten days. The defendants' motion to dismiss was filed on May 9, 2008. The Holders responded on July 24, 2008, more than two months after the deadline set by Rule 4.03.

8

the record substantially supports the trial court's finding of dilatory conduct on the part of the plaintiffs. Whether the plaintiffs' failure to timely engage in discovery, as claimed by the plaintiffs' counsel, was unintentional is of no moment to this Court, for the facts here clearly evince inexcusable delay. While there may be instances where delay, under the circumstances, may be excusable, we can say unequivocally that the asserted reason for the delay as stated by counsel for the plaintiffs, which he attributed to staffing difficulties at his law office and his having other trials to contend with, warrants no such consideration. In the case at bar, counsel's mistaken belief that someone from his law office had timely answered the defendants' propounded discovery and filed the plaintiffs' own discovery requests, constitutes–at the very least–delay by negligent omission.

*Holder*, 2010 WL 11267 at *3, ¶21.

¶20.    A showing of delay or contumacious conduct is sufficient for a Rule 41(b) dismissal when a lesser sanction would not serve the best interests of justice. *Am. Tel. & Tel.*, 720 So. 2d at 181 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). "Delay *alone* may suffice" for a dismissal under Rule 41(b). *Cox*, 976 So. 2d at 875 (emphasis added). "Factors other than delay are not required. The standard is whether there is 'a clear record of delay *or* contumacious conduct by the plaintiff . . . .'" *Id.* (citing *Am. Tel. & Tel.*, 720 So. 2d at 181 (emphasis added)).

¶21.    We previously have held that repeated failures to comply with discovery requests warrant dismissal with prejudice. *Beck v. Sapet*, 937 So. 2d 945, 950 (Miss. 2006) (finding a "pattern of consistent follow-up regarding pending requests"); *see also* *Hillman v. Weatherly*, 14 So. 3d 721, 723 (Miss. 2009) (defendant had sent plaintiff a "good-faith letter requesting answers to discovery" three months after propounding first set of interrogatories). In the present case, counsel for the defendants sent his first set of interrogatories to plaintiffs'

counsel on February 12, 2007. Plaintiffs' counsel responded to the requests by correspondence stating that he would not be able to complete discovery because he was in trial on another matter. Defendants' counsel followed up three times with plaintiffs' counsel, inquiring when the discovery requests would be completed.[7] All of these inquiries were ignored by plaintiffs' counsel.

¶22. We also may consider whether the plaintiffs' activity was reactionary to the defendants' motion to dismiss, or whether the activity was an effort to proceed in the litigation. *Hillman*, 14 So. 3d at 727 (citing *Hill v. Ramsey*, 3 So. 3d 120, 122 (Miss. 2009)). Plaintiffs' counsel first attempted discovery in this case when it sent a letter to counsel for the defendants requesting to take the deposition of Dr. Benefield on May 5, 2008. While this attempt was made prior to the defendants' filing their motion to dismiss, we cannot ignore that counsel for the plaintiffs did not respond to the defendants' interrogatories and their three subsequent followup inquires until thirteen days after the defendants had filed their motion to dismiss and 435 days past the deadline set by our Rules of Civil Procedure. *See* Miss. R. Civ. P. 33(b)(3).

¶23. This Court also has recognized that a defendant's own dilatory conduct may be considered when dismissing an action. *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 670 (Miss. 2004) (citing *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1370 (Miss.

---

[7]Followup inquires were sent on May 4, May 24, and June 4, 2007.

1990). In today's case, there has been no showing of dilatory conduct by the defendants. The defendants timely filed their answer and defenses to the plaintiffs' complaint.

¶24. We also note that plaintiffs' counsel failed to move for a continuance to allow for additional time to complete the defendants' discovery requests. In *Mississippi Department of Human Services v. Helton*, 741 So. 2d 240, 243 (Miss. 1999), plaintiff's counsel had requested a number of continuances, which defendant's counsel claimed had caused a delay in the case warranting a Rule 41(b) dismissal. This Court found that "[t]here is nothing contemptuous or contumacious about requesting continuances." *Id.* In the present case, plaintiffs' counsel made no attempt to move for a continuance to allow for more time to answer the defendants' discovery requests. Rather, he ignored the defendants' repeated requests to answer interrogatories and allowed the case to languish on the docket without any activity for more than a year.

¶25. This case shows a clear record of delay based on the showing of inexcusable delay. When there is a clear record of delay, no showing of contumacious conduct is necessary. *Hine v. Anchor Lake Prop. Owners Ass'n*, 911 So. 2d 1001, 1005 (Miss. Ct. App. 2005). The plaintiffs delayed in answering the defendants' interrogatories for 435 days. The plaintiffs also did not serve discovery requests upon the defendants within the time limit set by Uniform Rule of Civil and County Court Practice 4.04(A), and the plaintiffs were late in responding to the defendants' motion to dismiss. Thus, the Court of Appeals was correct in holding that the trial court did not abuse its discretion in finding that a clear record of delay existed in the present case.

11

*B.      Additional Considerations of Prejudice and Aggravating Factors*

¶26.    While the Court of Appeals' finding of delay is correct, we respectfully find that the court erred when it continued in its analysis and found that the defendants were not prejudiced by the delay and that the absence of an aggravating factor warrants reversal of the trial court's judgment. ***Holder***, 2010 WL 11267, at \*\*6-7, ¶¶38-41. After finding that an aggravating factor is not present in today's case, the Court of Appeals found that:

> When this fact is taken into consideration together with the fact that there is no clear record of actual prejudice caused to the defendant, or even that of presumptive prejudice, we find that the trial court erred in its decision to dismiss the plaintiffs' case with prejudice.

***Holder***, 2010 WL 11267, at \*7, ¶41.

¶27.    The trial court may consider prejudice or the presence of an aggravating factor, and these considerations may help to bolster or strengthen a defendant's case in support of dismissal. These considerations, however, are not a prerequisite to dismissal under Rule 41(b). The standard is "whether there is delay or contumacious conduct by the plaintiff. . . ." ***Cox***, 976 So. 2d at 875 (citing ***Am. Tel. & Tel.***, 720 So. 2d at 181). Because "[d]elay alone may suffice" for a dismissal pursuant to Rule 41(b), we disagree with the Court of Appeals' holding that the absence of both an aggravating factor and prejudice -- which we find is present in today's case – warrants reversal of the trial court's judgment. We discuss each separately below.

1.      Prejudice

12

¶28. Actual prejudice is not a requirement for dismissal under Rule 41(b), however prejudice may be presumed from unreasonable delay. *Cox*, 976 So. 2d at 876-79.

¶29. The Court of Appeals found that no presumptive prejudice existed in this case. The issue of whether actual prejudice did exist in this case is of no moment, because the result would be the same. The case had been stale for more than a year, and the plaintiffs had failed to meet multiple discovery and procedural deadlines. This dilatory conduct resulted in an unreasonable delay, and we have held that "prejudice may be presumed from unreasonable delay." *Id.* at 879 (citing *Rogers*, 669 F.2d at 322).

¶30. Actual prejudice may arise when, because of the delay, witnesses become unavailable or the memories of witnesses fade. *Id.* at 877-79. The defendants agree that "[i]t is completely reasonable to expect witnesses to have no independent recollection over three years after the October 2004 patient interaction and care." However, the defendants failed to present evidence showing that any of the witnesses could not recall the events. Despite the defendant's failure to present evidence of witnesses' fading memories, we find that the delay alone may result in presumed prejudice to the defendant. This presumed prejudice strengthens the defendants' case for dismissal under Rule 41(b).

### 2. Aggravating Factors

¶31. The presence of an aggravating factor may serve to "bolster" or strengthen the case for a dismissal, but is not a requirement. *Am. Tel. & Tel.*, 720 So. 2d at 181. The aggravating factors include: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the

13

defendant; and (3) whether the delay was the result of intentional conduct. ***Cox,*** 976 So. 2d at 876 (citing ***Am. Tel. & Tel.***, 720 So. 2d at 181). We do not find any aggravating factors in this case.

C.  *Lesser Sanctions*

¶32.    Finally, in determining whether the trial court abused its discretion when dismissing a case pursuant to Rule 41(b), we must consider whether lesser sanctions would better serve the interests of justice. ***Am. Tel. & Tel.***, 720 So. 2d at 181. Lesser sanctions may include "'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" ***Id.***  (quoting ***Wallace***, 572 So. 2d at 377). In the present case, the trial judge asked plaintiffs' counsel what sanctions would be appropriate. Counsel recognized that it is within the trial court's discretion to determine an appropriate sanction, but stated that he thought a warning would be appropriate. The trial judge responded by saying: "What's the purpose of a warning? Everybody is supposed to know the rules." Based on this exchange, the Court of Appeals found that the trial court considered lesser sanctions in his holding. ***Holder***, 2010 WL 11267 at *5-6, ¶¶29-36. We agree.

¶33.    We now must determine whether the trial court was correct in finding that lesser sanctions would not suffice. ***Am. Tel. & Tel.***, 720 So. 2d at 181. Plaintiffs' counsel failed to meet three deadlines set by our Rules of Civil Procedure and Uniform Rules of Circuit and County Court Practice.  The plaintiffs were more than a year late in answering the defendants' interrogatories and beginning their discovery, and were two months late in

14

replying to the defendants' motion to dismiss. We also must consider that defense counsel attempted to contact plaintiffs' counsel three times with regard to the late response to interrogatories. Today's case is not an isolated incident of one missed deadline or a short, delayed response. In light of the multiple, extended delays, we find that lesser sanctions in the present case would not serve the interests of justice. Thus, the trial judge did not abuse his discretion in dismissing this case under Mississippi Rule of Civil Procedure 41(b).

## CONCLUSION

¶34. This Court may uphold a Rule 41(b) dismissal when there has been a showing of "delay or contumacious conduct" by the plaintiff and a finding that lesser sanctions would not suffice. Delay alone is sufficient to warrant a dismissal; the Court of Appeals erred in reversing the trial court based on the absence of an aggravating factor present in today's case. Aggravating factors may be considered by the trial court when determining whether dismissal is an appropriate sanction, but they are not requirements; delay alone may be sufficient to warrant a dismissal. Prejudice may be presumed from this delay. Finally, in light of the dilatory conduct present in this case, lesser sanctions would not better serve the interests of justice. Thus, for the reasons discussed today, we find no abuse of discretion on the part of the trial judge in dismissing this case under Mississippi Rule of Civil Procedure 41(b). Accordingly, we reverse the Court of Appeals and reinstate and affirm the judgment of the trial court dismissing the case with prejudice as to each defendant.

¶35. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

15

**WALLER, C.J., DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. PIERCE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND LAMAR, J. CARLSON, P.J., DICKINSON AND RANDOLPH, JJ., JOIN IN PART. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J., AND CHANDLER, J.**

**PIERCE, JUSTICE, SPECIALLY CONCURRING:**

¶36.    I concur with the Majority's decision to affirm the trial court's dismissal for failure to prosecute.  I write separately, however, to emphasize our "deferential review" of trial courts in such matters as these.[8]

¶37.    In *Stutts v. Miller*, we affirmed a grant of dismissal for failure to serve process within the time prescribed by Mississippi Rule of Civil Procedure 4(h).[9]  Earlier, in *Jenkins v. Oswald*, we affirmed the denial of a grant of dismissal where a plaintiff failed to serve process for more than four years.[10]  In both cases, I concurred specially, saying "[i]t cannot be overstated that our trial courts are entitled to 'deferential review' in matters that require a discretionary ruling."[11]

¶38.    While dismissal for failing to serve process and dismissal for failing to prosecute, the issue here, are different matters, they both are in the discretion of the trial court.  As in

---

[8]*See **Stutts v. Miller***, 37 So. 3d 1, 7 (Miss. 2009) (Pierce, J., concurring) (citing ***Rains v. Gardner***, 731 So. 2d 1192, 1197-98 (Miss. 1999)).

[9]***Stutts***, 37 So. 3d at 7.

[10]***Jenkins v. Oswald***, 3 So. 3d 746, 750-51 (Miss. 2010).

[11]***Stutts***, 37 So. 3d at 7 (Pierce, J., concurring) (citing ***Jenkins***, 3. So. 3d at 751).

16

*Jenkins*, I admit that I have some discomfort with the decision of the trial court.[12] However, in agreement or disagreement, our level of deference remains unchanged. The record reflects that the trial court adequately made findings of fact and so came to a decision that is squarely within our precedent. I yield to that ruling.

**WALLER, C.J., AND LAMAR, J., JOIN THIS OPINION. CARLSON, P.J., DICKINSON AND RANDOLPH, JJ., JOIN THIS OPINION IN PART.**

**KITCHENS, JUSTICE, DISSENTING:**

¶39. Because lesser sanctions would better serve the interests of justice, and because the Court of Appeals accurately analyzed the law and reached the correct result, I respectfully dissent.

¶40. The Court of Appeals reversed the trial court's dismissal because, in its view – and in mine – lesser sanctions were warranted under the circumstances. *Holder v. Orange Grove Med. Specialties, P.A.*, 2010 WL 11267, at ¶¶ 37-38, 42 (Miss. Ct. App. Jan. 5, 2010) (citing *Cox v. Cox*, 976 So. 2d 869, 879 (Miss. 2008)). Specifically, the Court of Appeals held:

> According to our supreme court, lesser sanctions will not suffice where they cannot cure prejudice suffered by a defendant from a plaintiff's delay in prosecuting his or her case.
>
> . . . .
>
> Thus, we are left solely with the question of whether the prejudice presumably suffered by the defendants as a result of the plaintiffs' inexcusable delay in this matter, in and of itself, outweighs the law's preference for a decision on the merits. Based on the attendant circumstances of this case, we find that it does not.

---

[12]*Jenkins*, 3. So. 3d at 751.

*Id.* at ¶ ¶ 38-39 (citing *Cox*, 976 So. 2d at 876, 879).

¶41. "Dismissals with prejudice are reserved for the most egregious cases." *Hillman v. Weatherly*, 14 So. 3d 721, 726 (Miss. 2009) (quoting *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990)). These extraordinary circumstances usually require the presence of plaintiff culpability, actual prejudice to the defendant, and intentional dilatory conduct. *AT & T v. Days Inn*, 720 So. 2d 179, 181 (Miss. 1998) (citations omitted). This simply is not that sort of case.

¶42. The trial judge's consideration of lesser sanctions consisted of an abrupt dismissal of the plaintiffs' attorney's plea for a warning: "What's the purposes of a warning? Everybody is supposed to know the rules." Consideration of lesser sanctions should consist of more than a passing, dismissive reference to a single option. Instead, the trial judge carefully should weigh all viable alternatives, which include, in addition to explicit warnings, "fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, [and] dismissal without prejudice." *Id.* (quoting *Wallace*, 572 So. 2d at 377)).

¶43. To support its holding, the majority finds, without explanation, that there was presumed prejudice and that "[t]his presumed prejudice strengthens the defendants' case for dismissal under Rule 41(b)." Maj. Op. at ¶30. While I agree that a significant delay may generate a presumption of prejudice, there is no authority to support a conclusion that prejudice should be presumed in the present case. The majority relies on *Cox*, 976 So. 2d at 879, for support, but the delay in that case was fourteen years, a far cry from the 435-day delay here. *See also Jenkins v. Tucker*, 18 So. 3d 265, 271 (Miss. Ct. App. 2009) (five-year

18

history of delay amounted to presumed prejudice). Moreover, even if such a presumption existed, it was rebutted when the plaintiffs demonstrated that there was no actual prejudice to the defendants. *See Beckwith v. State*, 707 So. 2d 547, 567-68 (Miss. 1997) (although presumptively prejudicial, twenty-six-year delay in pursuing criminal case did not warrant dismissal of indictment where defendant could not demonstrate actual prejudice). The defendants here argued that dismissal with prejudice was proper because the plaintiffs' failure to respond to interrogatories left them without knowledge of the nurse's identity. However, the plaintiffs countered, and the trial judge agreed, that the defendants should have been able to determine the nurse's identity based on the facts alleged in the complaint. Therefore, despite the majority's holding to the contrary, the absence of actual prejudice does have a bearing on the outcome of the case. *See AT & T*, 720 So. 2d 181 (actual prejudice is an aggravating factor that may justify the harshest sanction of dismissal with prejudice).

¶44. "[N]egligence or inexcusable conduct on the part of the plaintiff's counsel does not in itself justify dismissal with prejudice." *Id.* at 182 (citing *Rogers v. Kroger Co.*, 669 F. 2d 317, 322-23 (5th Cir. 1982); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F. 2d 554, 558 (5th Cir. 1981)). By affirming the trial judge's decision to dismiss the case with prejudice based solely on the plaintiffs' attorney's conduct, today's opinion strikes a blow against the law's preference that cases be decided on their merits. *Id.* at 180 (citing *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)). It also punishes the plaintiffs, who have been deprived of their day in court through no fault of their own. For these reasons, I would affirm the

Court of Appeals' reversal of the dismissal and its remand of the case for consideration of lesser sanctions. Accordingly, I respectfully dissent.

**GRAVES, P.J., AND CHANDLER, J., JOIN THIS OPINION.**