RUSSELL, J.,
dissenting:
¶ 22. The circuit court’s dismissal under Mississippi Rule of Civil Procedure 41(b) is not supported by a clear record of delay by Herbert Hanson Jr., by a finding that lesser sanctions would be inadequate, or by any other factors that would support dismissal. Therefore, I respectfully dissent.
Clear Record of Delay
¶ 23. In this case, the delay was caused by “extrinsic factors beyond the control” of Hanson. See Barry v. Reeves, 47 So.3d 689, 694 (¶ 14) (Miss.2010). It is undisputed that this case was filed in 1998 and aggressively prosecuted up to and through the appeal to the Mississippi Supreme Court in April 2005. Following remand by the supreme court at the end of July 2005, Hurricane Katrina struck the Gulf Coast at the end of August 2005. We should not diminish the significant delays caused by Katrina. Not only did Katrina cause the circuit court to shut down, but it also affected Hanson’s ability to summon witnesses from the county office involved in this case. Additionally, no trials were set in Harrison County following Katrina until approximately August 2006. It would be a gross miscarriage of justice to attribute any delay during this period of time to Hanson. For the next year, culminating in a letter dated August 16, 2007, Hanson’s counsel tried to work with defense counsel to find an agreeable trial date early in 2008.[6] Harrison County’s attorney would not agree to trial dates, citing schedule conflicts. Then in 2009, the trial judge assigned to the case retired, and following his retirement, no trial settings were allowed until his replacement was appointed. Aso in 2009, Harrison County changed attorneys. Since Harrison County’s previous attorney knew she would be resigning, she refused to agree to a trial date. In September 2009, Hanson’s counsel contacted the defense attorneys via letter to obtain agreeable 2010 trial dates. In response, Harrison County’s new attorney, Tim C. Holleman, noted that he “need[ed] a little more time than 4-6 months to get ready for a trial on this case.” Holleman indicated potential agreement for a trial date in late October or November 2010. Ultimately, the delays in this case were caused by Katrina and ongoing recovery efforts, Harrison County’s counsel’s refusal to agree to trial dates, the retirement and reassignment of trial judges, and Harrison County’s repeated changes in representation [7]all factors that Hanson could not control.
¶ 24. This Court should also consider whether Hanson’s conduct was “reaction *359 ary to the defendants’ motion to dismiss, or whether the activity was an effort to proceed in the litigation.” Holder v. Orange Grove Med. Specialties, P.A, 54 So.3d 192, 198 (¶ 22) (Miss.2010) (emphasis added). At the hearing on Hanson’s motion to reinstate the case, the circuit court stated that Hanson’s “motion to set trial appears to be reactionary, and that it was filed only after counsel for the defendant Harrison County filed a motion to substitute counsel.” But as detailed above, this finding is incorrect. In the two years before Hanson filed his motion to set trial, his counsel had been working with the defense attorneys to obtain a mutually agreeable trial date. Defense counsel seemed content to delay the case another several months by tentatively agreeing to a court date over a year away. It was only after Hanson’s counsel attempted to move forward with a trial by filing his motion to set trial that defense counsel reacted by filing a motion to dismiss for lack of prosecution. Based on the foregoing, the record does not support the circuit court’s finding that Hanson’s conduct delayed this matter or that his conduct was in reaction to the defendant’s motion to substitute counsel. Prejudice
¶ 25. When there is not a clear record of delay attributable to the plaintiff, we must look to whether other factors support the defendant’s case for dismissal. See Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (¶ 13) (Miss.1998). In this case, the circuit court found that “[s]inee the availability of evidence has been altered, ... the imposition of any lesser sanctions would not serve the best interests of justice.” But even the majority admits that this finding of actual prejudice is not supported by the record. Discovery had been completed. The death of one of the defendants had been anticipated earlier in the litigation, and his deposition had been taken and preserved for trial purposes.[8] Harrison County presented no evidence that witnesses had relocated, that witnesses’ memories regarding the case had failed, or that any evidence had been altered.
¶ 26. While prejudice can be presumed in cases of unreasonable delay, as discussed above, the record does not show a clear record of delay by Hanson. See Holder, 54 So.3d at 199 (¶ 28). Absent an unreasonable delay, prejudice cannot be presumed. Id. In this case, the lack of actual or presumed prejudice weakens Harrison County’s case for dismissal under Rule 41(b).
Lesser Sanctions
¶ 27. “[A] case should be dismissed with prejudice under Rule 41(b) only if lesser sanctions are inadequate.” Barry, 47 So.3d at 694 (¶ 17) (citation omitted) (reversing a Rule 41(b) dismissal because there was no clear record of delay, and the trial court did not consider lesser sanctions). In Barry, the supreme court determined the trial court had abused its discretion in not considering alternatives to dismissal because “the trial court had not imposed any lesser sanctions, nor had it threatened counsel for [the plaintiff] with lesser sanctions, and nothing in the record suggests that the trial court considered lesser sanctions prior to dismissing the case.” Id. at 695 (¶ 18). Having searched the record, I find no evidence to support the circuit court’s finding of actual prejudice, that relocation of witnesses had occurred, that parties’ and witnesses’ memories had faded, or that the availability of evidence had been altered; therefore, I find that the trial court erred in considering lesser sanctions to be inadequate.
*360 ¶ 28. In sum, I find: (1) there was no clear record of delay caused by the conduct of the plaintiff; (2) the trial court improperly failed to consider lesser sanctions based on facts and evidence presented; and (3) no other aggravating factors were present that would have warranted dismissal. I respectfully disagree with the findings of the majority that the most severe sanction of dismissal was warranted in this case. I would reverse the judgment of dismissal, render that the case is reinstated to the trial court’s docket, and remand for a trial on the merits.
IRVING, P.J., JOINS THIS OPINION.

. The process for setting trials in Harrison County required an agreement between the parties in the absence of court intervention.

. First, Karen Young resigned from Joe Meadows’s law firm. Her resignation was followed by Meadows himself leaving the firm and turning all clients over to Holleman.

. Ben Clark died in 2004, and his estate was substituted as a party.