# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01237-COA

EDWARD A. HENDRICKS, INDIVIDUALLY, AS                      APPELLANT
EXECUTOR OF THE ESTATE, AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF MARY LEE HENDRICKS,
DECEASED

v.

JOSEPH F. ROBERTS, M.D., INDIVIDUALLY                      APPELLEE
AND D/B/A JOSEPH F. ROBERTS, M.D., P.A.

DATE OF JUDGMENT: 05/10/2019
TRIAL JUDGE: HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED: GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: JAMES F. NOBLE III
ATTORNEYS FOR APPELLEE: HARRIS FREDERICK POWERS III
                                            TOMMIE GREGORY WILLIAMS JR.
NATURE OF THE CASE: CIVIL - MEDICAL MALPRACTICE
DISPOSITION: AFFIRMED - 03/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Edward Hendricks, individually, as the executor of the estate of his mother, Mary

Hendricks (Mary), and on behalf of Mary's wrongful-death beneficiaries, filed a wrongful-

death lawsuit against the care facility and physician who provided treatment to his mother

at the time of her death.  Alleging that medical negligence caused Mary's death, Hendricks

filed the lawsuit against Grace Health & Rehabilitation of Grenada LLC (GHR) and Dr.

Joseph F. Roberts, individually and doing business as Joseph F. Roberts, M.D., P.A.[1] Dr. Roberts filed a motion to dismiss the lawsuit against him for failure to prosecute under Mississippi Rule of Civil Procedure 41(b). Aggrieved by the Grenada County Circuit Court's grant of dismissal to Dr. Roberts, Hendricks appeals. Finding no error, we affirm the circuit court's judgment dismissing Hendricks's lawsuit against Dr. Roberts for failure to prosecute.

**FACTS**

¶2. Following surgery to repair a hip fracture, Mary became a resident of GHR on June 20, 2012, for treatment and physical therapy. During Mary's stay at GHR, Dr. Roberts oversaw her medical care. Mary developed an ulcer wound that became infected and required her to be hospitalized on July 21, 2012. Mary passed away on July 25, 2012, after the ulcer wound became septic and induced a stroke. Dr. Roberts filed Mary's death certificate on August 6, 2012, and listed sepsis as her cause of death.

¶3. After being appointed the executor of his mother's estate, Hendricks served pre-suit notice-of-claim letters, dated July 22, 2014, on both GHR and Dr. Roberts pursuant to Mississippi Code Annotated section 15-1-36(15) (Rev. 2019). Hendricks then filed a wrongful-death lawsuit against GHR and Dr. Roberts on September 26, 2014, and alleged that their substandard care had resulted in his mother's death. Dr. Roberts filed a motion to dismiss the action against him and contended that the two-year statute of limitations on Hendricks's claim had expired. Because Hendricks had not filed his complaint until September 26, 2014, Dr. Roberts argued Hendricks's claims were barred, and he asked the

_____

[1] Unrelated to this appeal, Hendricks's lawsuit also named "ABC-XYZ Corporations 1-5" and "John Does 1-10" as defendants.

circuit court to dismiss Hendricks's complaint with prejudice. GHR also filed a motion to dismiss the action against it or, alternatively, to stay the proceedings and to compel arbitration.

¶4. The circuit court denied GHR's motion to dismiss. The circuit court found that the two-year statute of limitations applied to Hendricks's cause of action and that Hendricks first became reasonably aware of any negligence on August 6, 2012, when Dr. Roberts filed the death certificate that listed sepsis as Mary's cause of death. The circuit court held that the two-year statute of limitations began to run on August 6, 2012, but was extended for sixty days when Hendricks served pre-suit notice-of-claim letters on July 22, 2014. As a result, the circuit court concluded that the statute of limitations actually expired on October 6, 2014, and that Hendricks's September 26, 2014 complaint was timely. So the circuit court denied the motion to dismiss and granted the portion of the motion that sought to stay the proceedings and to compel arbitration.

¶5. The circuit court subsequently entered an order that likewise denied Dr. Roberts's motion to dismiss based upon the expiration of the statute of limitations. Both Dr. Roberts and GHR sought interlocutory appeals, which were both denied by the Mississippi Supreme Court.

¶6. On November 17, 2015, Dr. Roberts propounded discovery to Hendricks, and on December 8, 2015, Hendricks responded to Dr. Roberts's requests for admissions. Over three years later, on January 30, 2019, Dr. Roberts moved to dismiss Hendricks's lawsuit against him for lack of prosecution under Rule 41(b). Dr. Roberts asserted that after the

December 8, 2015 response to his requests for admissions, Hendricks had failed to respond to his interrogatories or request to produce documents and had failed to take any affirmative action in the matter. On February 6, 2019, GHR moved to join Dr. Roberts's motion to dismiss for lack of prosecution.

¶7. The circuit court found that since the supreme court's October 2015 denials of Dr. Roberts's and GHR's petitions for an interlocutory appeal, over three and a half years had passed without Hendricks taking any action to further prosecute the case against either Dr. Roberts or GHR. With regard to the claims against Dr. Roberts, the circuit court determined that "Hendricks ha[d] failed to engage in any discovery of his own, ha[d] failed to file any motions extending discovery deadlines, and ha[d] failed to respond to [Dr.] Roberts'[s] interrogatories or request for production of records." Based on its findings, the circuit court concluded that Hendricks had demonstrated a clear pattern of delay in prosecuting the wrongful-death case. After considering lesser sanctions and the presence of any aggravating factors, the circuit court determined that dismissal with prejudice was appropriate with regard to the action against Dr. Roberts.

¶8. As to GHR's motion to join Dr. Roberts's motion to dismiss, the circuit court concluded "that once it entered an order compelling arbitration and staying the proceedings [against GHR], it lost all jurisdiction to consider any other issues in this case except for a motion to enforce the findings of the arbitrator." Because GHR had chosen to have the matter arbitrated, the circuit court held that GHR had "forfeited any right that it would otherwise have had to seek relief from this court on any issue." The circuit court therefore

4

denied GHR's motion to join Dr. Roberts's motion to dismiss for lack of prosecution.

¶9. The circuit court entered an order certifying the May 10, 2019 dismissal of the claims against Dr. Roberts as a final judgment under Mississippi Rule of Civil Procedure 54(b). Aggrieved, Hendricks appeals the dismissal of his claims.

## STANDARD OF REVIEW

¶10. We only overturn a trial court's dismissal under Rule 41(b) "if the findings are not supported by substantial evidence, or the chancellor abused his discretion, was manifestly wrong, or applied an erroneous legal standard." *Bennett Tax Co. v. Newton County*, 298 So. 3d 440, 443 (¶4) (Miss. Ct. App. 2020). We review questions of law de novo. *Id.*

## DISCUSSION

¶11. In his appellate brief, Hendricks acknowledges that after serving his answers to Dr. Roberts's requests for admissions, approximately "three year[s] . . . of inactivity did thereafter transpire in the lower[-]court action against [Dr.] Roberts . . . ." Despite this passage of time without any affirmative action on his part, Hendricks asserts that the circuit court erroneously dismissed his action against Dr. Roberts because lesser sanctions were more appropriate and because Dr. Roberts failed to submit a memorandum of authorities to support his motion to dismiss.

### I. Rule 41(b) Dismissal

¶12. Where a plaintiff fails to prosecute or to comply with either the rules of civil procedure or a court's orders, "a defendant may move for dismissal of an action or of any claim." *Carter v. Spears*, 294 So. 3d 1263, 1266 (¶11) (Miss. Ct. App. 2020) (quoting

M.R.C.P. 41(b)).  Because "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue [his] claim," any such dismissals are for only "the most egregious cases."  *Id.* at (¶12) (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 197 (¶17) (Miss. 2010)).  "[I]n determining whether to affirm a Rule 41(b) dismissal with prejudice[,]" we consider the following: "(1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors."  *Id.* at (¶11) (quoting *Sullivan v. Maddox*, 283 So. 3d 222, 234-35 (¶54) (Miss. Ct. App. 2019)).

¶13.     Although "there is no set time limit on the prosecution of an action once it has been filed[,]" we recognize that "[d]elay alone may suffice for dismissal under Rule 41(b)."  *Id.* at (¶¶11-12) (internal quotation marks omitted).  "The cases in which the supreme court has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue [his] claims."  *Id.* at 1266-67 (¶12) (quoting *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 854 (¶23) (Miss. 2018)).

¶14.     Here, the circuit court found that after the supreme court's October 6, 2015 denial of Dr. Roberts's petition for an interlocutory appeal, over three and a half years passed without Hendricks taking "any action of record" to prosecute the case against Dr. Roberts.  Although Hendricks provided a December 8, 2015 response to Dr. Roberts's requests for admissions, the circuit court stated that Hendricks "ha[d] failed to engage in any discovery of his own,

6

ha[d] failed to file any motions extending discovery deadlines, and ha[d] failed to respond to [Dr.] Roberts'[s] interrogatories or request for production of records." The circuit court opined that it could not "fathom a situation" evincing "a more clear pattern of delay" than the substantial period of inaction displayed by Hendricks.

¶15. Based on Hendricks's prolonged failure to pursue his wrongful-death claim against Dr. Roberts, as well as his failure to respond to Dr. Roberts's discovery requests, we find no abuse of discretion or manifest error in the circuit court's determination that the record demonstrated a "clear pattern of delay" by Hendricks.

¶16. In addition, we find no abuse of discretion or manifest error in the circuit court's conclusion that a lesser sanction would not better serve the interests of justice. As this Court has explained, "[t]he presence of aggravating factors . . . may strengthen the trial court's decision to dismiss an action." *Id*. at 1267-68 (¶15). "Such factors include 'the extent to which the plaintiff, as distinguished from [his] counsel, was personally responsible for the delay . . . and whether the delay was the result of intentional conduct.'" *Id*. (quoting *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (¶13) (Miss. 1998)).

¶17. Here, Hendricks argued before the circuit court that an appropriate lesser sanction would be for the court to enter an order to compel him to comply with Dr. Roberts's discovery requests. The circuit court dismissed the assertion, however, and found that a court order to compel Hendricks to do what the Mississippi Rules of Civil Procedure had already required of him for the past three and a half years amounted to no sanction at all. Further, with regard to the presence of any aggravating factors, the circuit court noted that almost

7

seven years had elapsed since Mary's death in 2012 and that Dr. Roberts would suffer prejudice if he now had to defend the case after the passage of so much time due to Hendricks's delay. The circuit court found that memories had likely faded, there might be greater difficulty locating witnesses, and Dr. Roberts's attorney would have to spend additional time, at his client's expense, to once again become familiar with the facts of the case. After considering lesser sanctions and the prejudice to Dr. Roberts if the action were not dismissed, the circuit court concluded that dismissal with prejudice was appropriate. Upon review, we find no abuse of discretion or manifest error in the circuit court's finding that lesser sanctions failed to better serve the interests of justice.

## II. Memorandum of Authorities

¶18. Hendricks also argues that Dr. Roberts failed to submit a memorandum of authorities to support his dismissal. Court rules require "a memorandum of authorities in support of any motion to dismiss or for summary judgment" to be filed with the motion. UCRCCC 4.02(2). The respondent "shall reply within ten (10) days after service of the movant's memorandum." *Id*.

¶19. Hendricks claims that the circuit court unequally applied Rule 4.02 by requiring him to submit a written response to Dr. Roberts's motion within ten days while never requiring Dr. Roberts to submit a memorandum of authorities to support his motion. Hendricks contends that such treatment was unfair and demonstrated the circuit court's bias toward him.

¶20. However, despite Hendricks's assertions, however, he has failed to demonstrate—and the record fails to reflect—how Dr. Roberts's failure to strictly comply with Rule 4.02(2)

8

resulted in any actual prejudice. *See Hunt v. Allen*, 291 So. 3d 1125, 1130 (¶11) (Miss. Ct. App. 2020) (recognizing the trial court's discretion to look past a failure to strictly comply with the requirement to submit a memorandum of authorities where the Rule's purposes have still been satisfied). The narrow issue of lack of prosecution was fully addressed by the motion, so the lack of a supporting memorandum in this instance had no impact on the ruling. Accordingly, we find this assignment of error lacks merit.

## CONCLUSION

¶21. Because we find no manifest error or abuse of discretion arising from the dismissal of Hendricks's complaint against Dr. Roberts for failure to prosecute under Rule 41(b), we affirm the circuit court's judgment.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**