# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00663-COA

**MILDRED WARE AND JIMMY WARE**                                       **APPELLANTS**

**v.**

**EVELYN BRANDON BROWN**                                                            **APPELLEE**

DATE OF JUDGMENT:                05/17/2023
TRIAL JUDGE:                            HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT,
                                        SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANTS:        WILLIE GRIFFIN
ATTORNEYS FOR APPELLEE:         JAY MARSHALL ATKINS
                                        VICTOR BRIAN BISHOP
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     AFFIRMED - 06/11/2024
MOTION FOR REHEARING FILED:

     **EN BANC.**

     **GREENLEE, J., FOR THE COURT:**

¶1.     Jimmy and Mildred Ware filed a negligence action in the Bolivar County Circuit Court against Evelyn Brown. After the circuit court dismissed the complaint with prejudice for want of prosecution, the Wares appealed. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On May 4, 2018, Jimmy and Mildred Ware filed a complaint in the Bolivar County Circuit Court against Evelyn Brown. The complaint alleged that on July 6, 2016, Brown and Mildred were traveling from Cleveland, Mississippi, to Milwaukee, Wisconsin, when Brown lost control of the vehicle and struck a guardrail, causing injuries to Mildred. Mildred alleged that Brown failed to maintain proper control of the vehicle, operated the vehicle at

an excessive rate of speed, and failed to maintain a proper lookout while operating the vehicle. Additionally, Jimmy asserted a claim for loss of consortium.

¶3. In August 2018, Brown filed an answer and asserted, among other things, that the accident was unavoidable and had occurred notwithstanding the exercise of reasonable and ordinary care. Brown also served the Wares with interrogatories and a request for production of documents.

¶4. In October 2018, Brown filed a motion to compel the Wares to respond to the discovery request. The circuit court granted the motion to compel on January 9, 2019, and allowed the Wares until January 29, 2019, to respond. The Wares responded on January 30, 2019—one day after the deadline imposed by the circuit court had expired. The Wares' response was incomplete, so Brown requested supplementation and later filed a second motion to compel in February 2019. Additionally, Mildred had allegedly misrepresented information during a deposition in August 2019. As a result, Brown filed a motion to dismiss or, in the alternative, a motion to compel in October 2019. On June 19, 2020, the circuit court ordered Mildred to provide Brown with an executed medical authorization on or before June 26, 2020, and the circuit court's order noted that noncompliance could result in dismissal with prejudice.[1] The record indicates that Mildred eventually provided her relevant medical history nearly two years after the initial request.

---

[1] Brown's motion to compel, the circuit court's order granting the motion to compel, Brown's second motion to compel, and Brown's motion to dismiss are not part of the appellate record. However, the filings are reflected on the circuit court's docket. The appellate record does not contain the Wares' response to discovery or a transcript of any deposition.

¶5.    In an emailed letter dated September 2020, the Wares' attorney asked Brown's attorney if Brown was "amenable to mediation."  In November 2020, Brown's attorney responded via email and asked, "Do you intend to submit a demand regarding this matter?  Please just let me know."  In December 2020, Brown's attorney sent another email, which stated, "Following up . . . .  My client is agreeable to mediation pending a demand.  Please submit a demand so that we may set mediation."  In February 2021, Brown's attorney sent another follow-up email, which stated, "Just wanted to follow up on this matter."  And in April 2021, Brown's attorney sent yet another follow-up email, which stated, "My client is willing to set mediation in this matter.  However, a demand in advance thereof is required.  Please submit a demand at your earliest convenience so that we can move this matter forward."

¶6.    In May 2021, Brown filed a motion to dismiss for lack of prosecution.  Brown asserted that the Wares had not timely responded to the discovery request, noting that it had taken nearly two years to receive Mildred's relevant medical history and that it was only obtained after filing multiple motions.  According to Brown, the only action that the Wares had taken to prosecute their claims was to depose her in August 2019.  Finally, Brown asserted that she had been willing to participate in mediation upon receiving a settlement demand and had followed up on four separate occasions, but she never received a demand.

¶7.    In their response, the Wares admitted that they did not timely respond to the discovery request, which resulted in the first motion to compel.  And they admitted that the untimely responses were "incomplete and insufficient," which resulted in a second motion to compel.

3

The Wares further admitted that Mildred "misrepresented important information during her deposition . . . , which led to [Brown] filing a [m]otion to [d]ismiss or, in the [a]lternative, [another motion to compel]." They also admitted that it took almost two years and multiple motions for Brown to finally receive Mildred's relevant medical history.[2] However, the Wares argued that they inquired about mediation and that the settlement demand as a condition to mediation showed Brown's unwillingness to mediate in good faith.

¶8. In her reply, Brown noted that the Wares had demanded $140,000 in their complaint, but they alleged that their actual damages totaled approximately $6,310.56. Therefore, Brown asserted that it was not unreasonable to request a settlement demand. Finally, Brown asserted that she had "suffered undue prejudice . . . by way of looming exposure and defense costs in filing countless motions in an attempt to get [the Wares] to engage throughout the course of this matter."

¶9. In August 2022, the circuit court clerk filed a notice and motion to dismiss for want of prosecution. The clerk noted that there had been no action of record during the previous twelve months and that the Wares' complaint would be dismissed unless, within thirty days, action of record was taken or written application was made to the circuit court and good cause shown why the matter should be continued. Less than one week later, the Wares filed a motion to set trial.

---

[2] The Wares admitted to the allegations contained in paragraphs 1 through 12 of Brown's motion to dismiss.

¶10. In May 2023, the circuit court granted Brown's motion to dismiss.[3] The circuit court noted that the Wares had admitted to not timely responding and that their responses had been incomplete. The circuit court found that Brown had suffered undue prejudice, noting that the Wares waited one year and nine months to file a complaint, and it had taken two years to obtain Mildred's relevant medical history. The circuit court found that the Wares' actions in this case had been reactionary and not proactive in prosecuting the case. The circuit court noted that it would have been "impossible [for Brown] to ascertain whether mediation would be futile without knowing [the Wares'] demand," indicating that Brown's request for a settlement demand was not made in bad faith. Ultimately, the circuit court held, "Because there is both a clear record of delay and a showing of contumacious conduct attributable to the [Wares], the imposition of lesser sanctions would not sufficiently cure the prejudice caused by the delay in this case," and the circuit court dismissed the complaint with prejudice. Thereafter, the Wares filed a notice of appeal.

**STANDARD OF REVIEW**

¶11. "This Court will not disturb a circuit court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." *Scott v. UnitedHealthcare of Miss. Inc.*, 374 So. 3d 1270, 1275 (¶18) (Miss. Ct. App. 2023) (quoting *Glass v. City of Gulfport*, 271 So. 3d 602, 604 (¶5) (Miss. Ct. App. 2018)).

**DISCUSSION**

¶12. We must decide whether the circuit court erred by dismissing the Wares' complaint

---

[3] The circuit court held a hearing on the motion to dismiss via Zoom, but a transcript of the hearing is not part of the appellate record.

5

with prejudice for want of prosecution.[4]

¶13.    "[T]he power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." *Scott*, 374 So. 3d at 1280 (¶40) (quoting *Leasy v. SW Gaming LLC*, 335 So. 3d 555, 558 (¶8) (Miss. 2022)).  "Whether a case warrants dismissal for failure to prosecute is 'considered on a case-by-case basis.'" *Id*. (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 197 (¶17) (Miss. 2010)).

¶14.    "Where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, dismissal for want of prosecution is likely to be upheld." *Id*. at (¶41) (quoting *Watson v. Lillard*, 493 So. 2d 1277, 1279 (Miss. 1986)).  "Factors other than delay are not required." *Id*. (quoting *Hanson v. Disotell*, 106 So. 3d 351, 355 (¶10) (Miss. Ct. App. 2011)).  "Additionally, we 'must consider whether lesser sanctions would suffice.'" *Id*. (quoting *Holder*, 54 So. 3d at 197 (¶17)).

### A.    Clear Record of Delay

¶15.    "[I]n reviewing a dismissal for want of prosecution, we may consider whether the plaintiff's actions were 'reactionary' to threats of dismissal or 'an effort to proceed in the litigation.'" *Id*. at (¶43) (quoting *Leasy*, 335 So. 3d at 559 (¶10)).  The circuit court found that the Wares' actions had been reactionary in this case and not proactive in prosecuting the

---

[4] Although the circuit court clerk filed a notice and motion to dismiss for want of prosecution, and Mississippi Rule of Civil Procedure 41(d) allows the court to dismiss on the clerk's motion, the court seemingly dismissed based on its inherent power to control its docket and advance the orderly expedition of justice.

case. We agree.[5]

¶16. A review of the record shows that the Wares did not respond to Brown's discovery request until the circuit court granted Brown's motion to compel. Even then, the Wares did not respond until after the court-imposed deadline had expired. And the response lacked certain information, which ultimately led to another motion to compel.

¶17. Although the Wares inquired about mediation, they did not respond—in the affirmative or the negative—when Brown's attorney requested a settlement demand. And when Brown's attorney continued to follow up, the Wares simply ignored those communications as well. Despite this, the Wares argue on appeal that they attempted, in good faith, to follow the circuit court's local rule regarding mediation. This rule (Local Rule 1(a)) provided: "All civil matters filed in the Eleventh District Circuit Court, except those specifically exempted . . . , shall be submitted to mediation prior to the parties obtaining a trial date from the [c]ourt unless all parties agree in writing that to submit the matter to mediation would be futile." In its order of dismissal, the circuit court noted that it would have been "impossible [for Brown] to ascertain whether mediation would be futile without knowing [the Wares' settlement] demand." The Wares argue that the local rule did not require a settlement demand as a condition to mediation and that the circuit court erred by dismissing their complaint when they did not provide one. However, the circuit court's

---

[5] The separate opinion dissents in part, reasoning that the circuit court's ruling was improper by partially basing the dismissal on the filing of the complaint one year and nine months after the accident (but still within the period of the three-year statute of limitations). We find that despite that statement by the circuit court, the court's other reasons for dismissal were not abuses of discretion.

explanation of the settlement demand was seemingly in response to the Wares' earlier argument that Brown had not acted in good faith by requesting such a demand. More important to the issue of dismissal was the Wares' lack of communication. Instead of simply responding, the Wares ignored Brown's attorney's emails about a demand on four separate occasions.

¶18. Finally, it was only after the circuit court clerk entered a notice and motion to dismiss for want of prosecution that the Wares filed a motion to set trial. And it was only after Brown filed a motion to dismiss that the Wares took issue with the request for a settlement demand. It is clear that the Wares' actions were reactionary and not proactive in prosecuting the case.

### B. Lesser Sanctions

¶19. Next, "we must consider whether lesser sanctions would better serve the interests of justice." *Id*. at 1281 (¶46) (quoting *Holder*, 54 So. 3d at 200 (¶32)). "Lesser sanctions may include fines, costs, or damages against plaintiff[s] or [their] counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id*.

¶20. In addition to a "clear record of delay," the circuit court found "a showing of *contumacious conduct* attributable to the [Wares]." (Emphasis added). As discussed, the Wares had already been ordered to respond to a discovery request but failed to do so by the court-imposed deadline. Additionally, the Wares' untimely response was insufficient, which resulted in another motion to compel. The Wares admitted that it took nearly two years and multiple motions to provide Mildred's relevant medical history. And the Wares continued

8

to cause delay when they ignored at least four emails from Brown's attorney over the course of approximately six months regarding mediation.

¶21. The circuit court found that Brown had suffered undue prejudice related to the costs of filing motions in an attempt to get the Wares to engage. Ultimately, the circuit court held, "Because there is both a clear record of delay and a showing of contumacious conduct attributable to the [Wares], lesser sanctions would not sufficiently cure the prejudice caused by the delay in this case." After review, we cannot say that the circuit court abused its discretion when it dismissed the Wares' complaint with prejudice. For these reasons, we affirm the circuit court's order of dismissal.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., LAWRENCE AND EMFINGER, JJ., CONCUR. WILSON, P.J., McCARTY AND SMITH, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY McCARTY AND SMITH, JJ. WESTBROOKS, J., NOT PARTICIPATING.**

**McDONALD, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶23. I concur in part with the majority's holding that Brown may have suffered undue prejudice because of the Wares' failure to prosecute this claim by failing to timely respond to requests for discovery or orders to compel issued by the court. However, I dissent to the extent that the circuit court relied upon the Wares' waiting to file this negligence claim until one year and nine months after the accident occurred. (Maj. Op. ¶10). The circuit court specifically said, "Plaintiffs waited more than *ONE (1) YEAR AND NINE (9) MONTHS* (JULY 6, 2016 TO MAY 4, 2018) after the alleged accident to file this cause of action."

9

This reasoning by the circuit court punishes plaintiffs for acting within the deadline set by the statute of limitations for negligence claims.

¶24.    Negligence actions must be commenced within three years of the accrual of the cause of action. *Blanchard v. GEICO Gen. Ins. Co.*, 375 So. 3d 723, 731 (¶28) (Miss. Ct. App. 2023) (citing Miss. Code Ann. § 15-1-49 (Rev. 2019)).  Because our State allows three years to file a complaint for a negligence action, the Wares filed their action well within the statute of limitations.  I disagree with any implication that the Wares' filing of the present suit after one year and nine months should have been considered as a factor when weighing whether there was a failure to prosecute.  Indeed, there are many reasons why a party may wait to file a negligence claim even up until the last day of the statute of limitations, such as conducting investigations, resolving medical treatment, pre-suit negotiations with insurance companies, finding a lawyer willing to take on the case, or simply saving enough money to file and maintain a lawsuit.  As such, I would caution trial courts not to consider the date of a timely filed complaint in its analysis of whether a party failed to prosecute a claim and unduly prejudiced the opposition.

**McCARTY AND SMITH, JJ., JOIN THIS OPINION.**